ELLEN B. CUDLIP, Respondent, v. NEW YORK EVENING JOURNAL PUBLISHING COMPANY, Appellant.

EVIDENCE — WHEN IT CANNOT BE REGARDED AS HARMLESS — SUFFICIENCY OF OBJECTION. Where the only issue before the jury in an action for libel is that of damages, and where it is instructed not only to give full indemnity to the plaintiff for the injury to her reputation, but that it also has power in its discretion to award exemplary damages, an affidavit containing a variety of facts and circumstances tending to show that the plaintiff was not only innocent of the crime charged by the defendant, but that it was, in fact, committed by another, received in evidence against the objection that it was immaterial and irrelevant and

that the affiant should be produced in court for cross-examination, cannot be regarded as harmless, since its tendency was to arouse the prejudices or sympathies of the jury, and the objection being equivalent to a specific objection that the paper was incompetent, its reception constitutes reversible error.

*Cudlip* v. *N. Y. Eve. Journal Pub. Co.*, 70 App. Div. 617, reversed.

(Argued March 2, 1903; decided March 17, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 5, 1902, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

This was an action for libel. The facts, so far as material, are stated in the opinion.

*B. F. Einstein* for appellant. The trial justice erred in admitting in evidence the affidavit of Marion S. Yerkes, verified the 21st day of June, 1899. (*Ives* v. *Ellis*, 169 N. Y. 85.) The grounds of objection were well stated. It was not harmless error as the affidavit was strongly calculated to arouse the jury's sympathy. (*Anderson* v. *Rome, etc., R. Co.*, 54 N. Y. 334.)

*Thomas P. Wickes, James Hillhouse* and *Woolsey Carmalt* for respondent. The admission in evidence of the Yerkes affidavit affords no reason for disturbing the verdict. (*Bronson* v. *Tuthill*, 1 Abb. Ct. App. Dec. 206.) The salient fact in this affidavit, that plaintiff was perfectly innocent of the theft of the ring in question, having been admitted not only by the pleadings (for there was no justification), but by defendant's counsel, brings the case within the settled rule that error in admitting evidence establishing a fact previously admitted by the pleadings or upon the record is harmless. (*Newcombe* v. *Fox*, 154 N. Y. 754; 1 App. Div. 389; *Robert* v. *Good*, 36 N. Y. 408; *Richards* v. *Millard*, 56 N. Y. 579; *Connor* v. *Mayor, etc.*, 137 N. Y. 545; 19 N. Y. Supp. 85; *Foote* v. *Beecher*, 78 N. Y. 158; *Beaver* v. *Beaver*, 137 N. Y. 67.) On the trial defendant took no objection that the contents of this affidavit were inadmissible under the pleadings because

not within the issues. Not having taken that objection, the objection was waived. (*Niebuhr* v. *Schreyer*, 135 N. Y. 615.) Defendant failed on the trial to take the objection — now taken for the first time to reverse the judgment — that the production of the affidavit was not for any legitimate purpose. This failure — apart from the fanciful character of the contention — should be regarded as a waiver of the supposed objection. So, too, the failure of defendant to disclaim, at the time when this affidavit was offered, any purpose of contending that plaintiff had stolen the ring which she was charged with stealing should be regarded as fatal. (*Stafford* v. *Morning Journal Assn.*, 142 N. Y. 598.) On the assumption that portions of this affidavit are not covered by the above admission by pleading or record, the objection to the whole affidavit was properly overruled as objecting to too much. Fairness to the trial judge and to the adversary made it the duty of the objecting defendant's counsel to make the separation, and, not having so done, he should not now be allowed to upset the judgment for his own neglect. *Nullus commodum capere potest de injuria sua propria.* (*People* v. *Rose*, 52 Hun, 37; *Day* v. *Roth*, 18 N. Y. 451; *Requa* v. *Holmes*, 16 N. Y. 201; *Wells* v. *Higgins*, 132 N. Y. 463; *Stokes* v. *Johnson*, 57 N. Y. 674; *Gaffney* v. *People*, 50 N. Y. 424; *Sherlock* v. *German-American Ins. Co.*, 162 N. Y. 656; 21 App. Div. 18; *Dutchess Company* v. *Harding*, 49 N. Y. 325.) Defendant's two cases (*Ives* v. *Ellis*, 169 N. Y. 85, and *Anderson* v. *Rome, etc.,* R. Co., 54 N. Y. 334) are clearly distinguishable, lacking the vital feature of this case that the evidence in question tended to establish a fact already admitted by counsel on the record as well as by the pleadings.

O'BRIEN, J. On the 16th day of February, 1898, the defendant, a domestic corporation, printed and published in the *New York Evening Journal*, a newspaper published in the city of New York, an article of and concerning the plaintiff, of which the following is a copy:

" Noted Thief Caught in Philadelphia.

" Ellen Cudlip, wanted here for big diamond robbery, Held for Extradition.

" Ellen Cudlip, said to be one of the most daring woman diamond thieves in the country, is safe at last under lock and key in Philadelphia, where she is held to-day to await the arrival of extradition papers from this State.

" The police of this city have been hunting for the woman for the past six months.    They could get no trace of her, and had no idea in what part of the country she might be until they were notified that the woman was arrested yesterday afternoon in Philadelphia.

" The woman is wanted in this city for a big diamond robbery.    She is said to have gotten away with over $6,000 in gems a short time ago.    The police at headquarters are extremely reticent about the matter, but say that the capture is an important one."

The only basis for this publication was a proceeding in the Magistrate's Court in Philadelphia, in which the plaintiff was charged with having stolen a ring from one Marion Yerkes, the daughter of a Mrs. Morgan, who, it seems, kept a boarding house in the city of New York, where the plaintiff had boarded some time prior to her arrest upon this charge.    It was claimed that the plaintiff was a fugitive from justice, and she was detained upon the warrant for the purpose of procuring her extradition to the jurisdiction of this state.    The proceeding resulted in the plaintiff's discharge on the ground, as it would seem, that there was not sufficient evidence to support the charge against her.    If the article complained of contained nothing more than a fair report of a judicial proceeding, although reflecting somewhat upon the plaintiff, it is quite possible that the defendant could justify the publication, but it is scarcely necessary to say that the article contained very much more than a report of a proceeding in the Magistrate's Court, and was upon its face libelous.    The defendant did not, in its answer, attempt to justify the publication, but set up certain facts in mitigation of damages.    The jury rendered

11

a verdict in favor of the plaintiff for fifteen thousand dollars, and the judgment entered upon this verdict was unanimously affirmed upon appeal, and the defendant has appealed to this court by permission.

There was really no issue before the jury except the damages, and this appeal presents no question but such as was raised upon the trial by exception. The record contains numerous exceptions taken by the learned counsel for the defendant at the trial, but it is not important in this review to consider more than one of them. Before the conclusion of the testimony the learned counsel for the plaintiff produced and put in evidence an affidavit made by Mrs. Yerkes, from whom it is said the ring was stolen, which appears to have been verified on the 21st day of June, 1899, more than a year after the publication of the article in question. In this affidavit the affiant completely withdrew the charge against the plaintiff of having stolen the ring and expressed her great regret for having ever made the charge. The affidavit covers nearly two pages of the record, and deals with a variety of facts and circumstances well calculated to show that the plaintiff was not only innocent of the charge, but had really been the victim of a great outrage. After detailing the facts and circumstances which fixed her suspicions upon the plaintiff as the person who had stolen the ring she proceeds to relate her connection with the arrest and examination of the plaintiff in the Magistrate's Court at Philadelphia. She then proceeds to state that she had subsequently become satisfied that the plaintiff was entirely innocent of the charge, and that in fact it was another person that had stolen the ring. In the affidavit this person is named as another woman who boarded at Mrs. Morgan's house at the same time that the plaintiff did; that the plaintiff suspected that this woman was the thief and communicated her suspicions to Mrs. Yerkes, who wrote her a note demanding its return, and in answer to this note received the ring. She also states that she had heard that the district attorney had concluded that there was not sufficient proof against the plaintiff to justify an indictment against her upon

the charge of larceny, and then she says that she is satisfied beyond a doubt that this other was the only person concerned in taking the ring ; that she appreciated the fact that she had done the plaintiff a great wrong and deeply regretted it, and then she proceeds to relate the extent of her acquaintance with the plaintiff.

There is no attempt made on the part of the learned counsel for the plaintiff to justify the admission of this affidavit as evidence in the case upon any issue whatever.   There can be no doubt that this paper was improperly admitted, but it is said, first, that it was offered and received without any proper objection having been made by the defendant, and, secondly, that it was entirely harmless and could have no bearing on the result.   If either of the answers which the learned counsel for the plaintiff thus makes to this point is good, then the defendant can take nothing by this objection, but we think that he has not successfully disposed of the question that arises upon this affidavit.   In the first place, when the affidavit was offered it was objected to not only upon the ground that it was immaterial and irrelevant, but that its contents were mere hearsay, and further, that the defendant was entitled to have the affiant produced in open court for cross-examination. This was equivalent to a specific objection that the paper was incompetent and its admission was such a clear violation of all the rules of evidence that the sufficiency of the objection cannot well be doubted.   The defendant's counsel excepted to the admission of the affidavit in evidence after his objection had been overruled.   If, however, it was perfectly clear that the evidence could not have possibly prejudiced the defendant the error would not constitute a sufficient ground for the reversal of the judgment.   In an action for libel where the only issue before the jury is that of damages and where the jurors are instructed not only to give full indemnity to the plaintiff for the injury to her reputation, but that they have also the power in their discretion to award exemplary damages any improper evidence that bears upon that issue must be regarded as prejudicial.   It may be true that inasmuch as

the defendant did not attempt to justify the truth of the publication the jury had the right to treat it as false and to consider the plaintiff as entirely innocent; but the innocence of a party who is the subject of a criminal charge, when such innocence is based upon a legal presumption and exists in contemplation of law is one thing and the innocence which is the result of affirmative and conclusive evidence is quite another thing. In the one case innocence rests upon presumption and legal argument, while in the other case it is demonstrated affirmatively as matter of fact by proof which is conclusive. If this affidavit was admissible at all, it is conclusive proof of the facts therein stated, since it is not impeached or contradicted in any form whatever. The learned counsel for the plaintiff, in opening the case to the jury, adopted this idea and suggested it to the jury in clear and pointed language. After detailing the facts which resulted in the return of the stolen ring by a third party he proceeded as follows : " So we have not only the additional — not only the capacity to show in this case that the thing was absolutely false and untrue, as it was, but we can make a very satisfactory statement to you that the real culprit confessed and restored the stolen property. You will see that makes a much more complete case. If one of you, for example, could imagine yourself as having been accused of being a thief, you might say that you knew nothing about it. That would convince yourself and the members of your family, but might not convince the public, but if in addition to that you could say I did not do it but I have found out since that so and so did it, so and so, living anywhere else if you choose did it, and when charged with it acknowledged the theft and restored the property, then that leaves you absolutely without a shadow of suspicion against you.". It seems to me that this was correct reasoning, and if it was, then this affidavit had a material bearing on the question of damages, and it was evidently produced and offered in evidence for that very purpose. The jury might have adopted the line of thought suggested to them by the counsel in the consideration of the case, and affirmative and conclusive proof

that the plaintiff was the innocent victim of a conspiracy while another person was the real criminal who stole the ring, would naturally influence them on the question of damages.

There is or may be a great difference in the estimation of a jury between an injury to character which rests entirely on legal presumptions and the same injury when established by affirmative proof amounting to absolute verity. When the injurious charge is shown to be false in fact by affirmative and conclusive evidence, a jury might not be limited to the same damages as in a case where the same charge is false only in contemplation of law or by legal presumption. As presumptive evidence is weaker than conclusive evidence, so the damages for injury to character may vary in the estimation of the jury as it is made out by one class of evidence or the other. The plaintiff could have rested her innocence upon legal presumptions, but she elected to go further and strengthen her case by affirmative proof, not only that she did not steal the ring but that another woman did, who had confessed the crime and restored the property. But if she was entitled to support her case in that way at all she could prove the facts only by competent evidence and not by an *ex parte* affidavit made by the owner of the stolen and restored ring, who was neither a party nor a witness. Illegal or incompetent evidence, having a tendency to arouse the prejudices or sympathies of the jurors or to influence their judgment, can never be regarded as harmless upon an issue such as was before the jury in this case. (*Anderson* v. *Rome, W. & O. R. R. Co.*, 54 N. Y. 334.) It would be a rash and indefensible assertion for any court to say that the contents of this affidavit could have no such tendency.

But if this question was more doubtful upon principle or reason than it seems to be, we think that the learned counsel for the plaintiff, in attempting to justify the ruling, is concluded by the authority of a very recent case in this court. (*Ives* v. *Ellis*, 169 N. Y. 85.) In that case the court held that the admission of the letter of a third party, much less harmless in its tendency than the affidavit in question, against

the objection of the defeated party, was fatal to the judgment, although the court directed the jury to disregard it. The reasoning upon which the decision in that case rests seems to me to furnish a complete answer to the contention of the plaintiff's counsel in this case, to the effect that the affidavit, though inadmissible, was harmless.

The judgment must, therefore, be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., BARTLETT, MARTIN, CULLEN and WERNER, JJ., concur; GRAY, J., absent.

Judgment reversed, etc.