## McKee v. City of Greensburg.

[No. 20,048.   Filed April 7, 1903.]

MUNICIPAL CORPORATIONS.—*Street Improvements.—Acceptance of Bid.—
Breach of Contract.—Complaint.*—No .error was committed in sus-
taining a demurrer to a complaint against a city for an alleged
breach of contract in refusing to permit plaintiff to improve a
street after accepting his bid, where it was not disclosed by
the complaint whether jurisdiction had attached to make the
improvement.

From Decatur Circuit Court; *F. T. Hord*, Judge.

Action by George McKee against the city of Greens-
burg. From a judgment for defendant on demurrer to
complaint, plaintiff appeals. Transferred from Appel-
late Court, under §1337u Burns 1901. *Affirmed.*

*J. K. Ewing* and *C. H. Ewing*, for appellant.
*H. C. Skillman*, for appellee.

GILLETT, J.—Appellant instituted this action against
appellee to recover damages against it for alleged breach
of contract. He charges that appellee's common council
refused to permit him to improve a street after accepting
his·bid, made pursuant to an advertisement for bids for the
performance of such work. A demurrer was sustained to
the amended complaint, and a judgment followed that ap-
pellant take nothing.

The history of the proceedings before the common coun-
cil, as set out in the amended complaint, discloses that the
proceedings were had under §4288 *et seq.* Burns 1894,
commonly known as the Barrett law. As it appears from
the amended complaint that the common council entered
a resolution purporting to rescind its action in accepting
appellant's bid, the presumption must be in favor of such
official action. *'State* v. *Wenzel,* 77 Ind. 428; *Adams* v.
*Davis,* 109 Ind. 10; *Sanders* v. *Hartge,* 17 Ind. App. 243.
It is therefore clear that the burden was on appellant to

show that jurisdiction had attached to make the improvement. *Barber Asphalt Pav. Co.* v. *Edgerton,* 125 Ind. 455. We are unable to determine from the vague allegations of the complaint as to the character of the proposed improvement whether the improvement was of such a nature that the common council had authority to order it made under said law. See *Adams* v. *City of Shelbyville,* 154 Ind. 467, 49 L. R. A. 797, 77 Am. St. 484; *Taylor* v. *Patton, ante,* 4. Appellant was charged with notice that the power of the common council to contract was limited, and, if it had embarked on an *ultra vires* undertaking, its action in refusing to permit appellant to proceed was proper.

Other objections are urged to the complaint, but it is not necessary to consider them.

Judgment affirmed.