## NEW YORK EVENING JOURNAL PUB. CO. v. SIMON.

(Circuit Court of Appeals, Second Circuit. May 22, 1906.)

No. 230.

1. APPEAL AND ERROR—REVIEW—HARMLESS ERROR.

The admission in evidence in an action for libel of a general statement by a witness that plaintiff "was very much distressed" by the article published was not prejudicial error, where the charge made against the plaintiff in the article was of such character that the jury would have been warranted in finding such fact, even without proof.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 4169.]

2. LIBEL—EVIDENCE—PROOF OF REPUTATION.

In an action for libel, the general high reputation of the plaintiff may properly be put in proof in general terms.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Libel and Slander, §§ 256, 302.]

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment in favor of defendant in error, who was plaintiff below. The action was for libel in publishing of plaintiff, the captain of L'Aquitaine, one of the steamers of the French Line, that he passed by a waterlogged bark in mid-ocean, leaving her crew of 14 men to their fate, although she signaled: "Send us help. We are sinking." The jury gave plaintiff a verdict of $5,000.

C. J. Shearn, for plaintiff in error.

Charles Haldane, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. Only two points were presented upon this appeal, and the argument in support of neither is persuasive.

1. It is challenged as error that the trial judge allowed a witness to testify that "the captain was very much distressed about this article." The witness was not allowed to expatiate on this subject, and other statements that he made were stricken out. The single question, then, is whether the admission of this particular piece of testimony, which no doubt expresses the conclusion of the witness, can be considered as a harmful error. Without now determining whether such an opinion is or is not competent, we are entirely satisfied that it was in no wise prejudicial to the defendant. Had the court charged the jury that they were warranted in finding, even without direct proof, that the plaintiff, the captain of an ocean steamer, "was very much distressed" about an article which charged him with abandoning 14 fellow seamen to a horrible death, we should not be inclined to reverse the judgment; and the simple statement of the witness added nothing to the presumption the jury was entitled to make. The case is very different from that relied on by defendant (Cudlip v. N. Y. Evening Journal, 174 N. Y. 158, 66 N. E. 662), where the ex parte affidavit put in evidence (against valid objection as hearsay,

etc.) not only averred that plaintiff was innocent of the charge of theft which the paper published, but had "really been the victim of a great outrage" and the "innocent victim of a conspiracy, while another person was the real criminal who stole the ring"—circumstances which might not unnaturally influence the jury on the question of damages.

2. The only other exception is to the admission of evidence that the "general reputation of the plaintiff was very high as an officer and a man." It is not necessary again to discuss this question. We considered the whole subject and the many conflicting decisions of different courts in Press Publishing Co. v. McDonald, 63 Fed. 238, 11 C. C. A. 155, 26 L. R. A. 53, and held that such general testimony, not, however, extended to minuter details, might properly be put in proof.

The judgment is affirmed.