BENJ. F. STEWART, *et ux.*, JEAN STEWART, by her next FRIEND, B. F. STEWART, E. M. JOHNSON, *et ux.*, INEZ JOHNSON CREWS, a Widow, DOROTHY TOMLINSON, a Widow, and MRS. J. C. McCALL, v. ROSA JOHNSON.

194 So. 869
Special Division B
Opinion Filed March 15, 1940
Rehearing Denied April 16, 1940

426

. *Fleming, Hamilton, Diver & Jones, Warren L. Jones* and *Brannon & Brown,* for Appellants;

*R. W. Farnell, H. T. Black* and *Davis, Davis & McClure,* for Appellee.

BUFORD, J.—Lott W. Johnson, deceased, a man of about 76 years of age, had in his lifetime accumulated considerable property and other evidences of wealth. In 1937 deceased made a will disposing of his holdings, the same being in good legal form according to Florida statutes.

In 1938 Johnson decided that he would make another will, revoking the former one. This one, however, he dictated to his own secretary, who signed as the only witness. This instrument was held invalid for lack of sufficient witnesses, and the 1937 will not being presented for probate, letters testamentary were issued to the widow of deceased, under the intestacy statutes. A petition to establish the will made in 1937 and for the issuance of letters testamentary thereunder was then filed by appellants.

A carbon copy of the 1937 will kept by the attorney who drew it was introduced, the attesting witnesses testified as to signing the will and the attorney testified concerning the signing and contents thereof. In both wills deceased made substantial bequests to his "foster daughter," a woman who had been living with him as his daughter for a number of years but was really no relation, to the manager of the business, husband of the foster daughter, and to several others who would not receive anything under the intestate laws. The wife, while receiving a substantial portion under the will, would receive considerably more if her husband died intestate.

A circuit judge sitting as probate judge on the disqualification of the county judge, entered an order revoking the letters testamentary formerly issued to the widow and re-

established the 1937 will. On appeal to the circuit court the final order of the probate judge was reversed, and this appeal is from the order of reversal.

The only question for us to decide is whether or not the doctrine of dependent relative revocation is applicable so as to allow the 1937 will to be reestablished and admitted to probate. This doctrine has been stated and reiterated by many courts since it was first expounded in 1717, but stated simply it means that where testator makes a new will revoking a former valid one, and it later appears that the new one is invalid, the old will may be reestablished on the ground that the revocation was dependent upon the validity of the new one, testator preferring the old will to intestacy. Redfearn's Wills and Administration of Estates in Florida, Sec. 89, page 121.

In 68 C. J. 799, Sec. 483, it is said:

"While the intention to revoke may be conditional, if the revocation is subject to a condition which is not fulfilled the revocation does not take effect. This doctrine is known as that of dependent relative revocation, and is usually applied where the testator cancels or destroys a will or executes an instrument intended to revoke a will with a present intention to make a new testamentary disposition as a substitute for the old, and the new disposition is not made, or if made, fails of effect for some reason. The doctrine is not limited to the existence of some other document, however, and has been applied where a will was destroyed as a consequence of a mistake of law as to the result of an intestacy, and where a testator erased the name of a legatee and substituted another name on the supposition that he had effectively substituted a new legatee. The doctrine should be applied with caution, however, and it has been said, the tendency of modern cases is clearly to narrow the

scope of its application. The doctrine is not applicable where the act of destruction is not referrable wholly and solely to the intention of setting up some other testamentary paper as where it appears that the intention of the testator was to revoke totally and absolutely or where the testator at the time of the destruction of his will merely intends at some indefinite future time to make a new will. The fact that the latter will contains a clause expressly revoking former wills does not prevent the application of the doctrine, since it must be inferred that the testator intended to revoke former wills for the purpose of giving effect to the new disposition, and if, for want of proper execution of the subsequent will, its defective construction, or other sufficient cause, proper effect cannot be given to it, it is not to be supposed that the testator designed to die intestate, although the courts in some cases have refused to apply the doctrine where the declaration of revocation is contained in an instrument executed with all the formalities required by statute and is not made dependent upon the validity of a new gift made in the same instrument or limited by language indicating an intention of the testator to preserve, in whole or in part, bequests embodied in the earlier instrument."

See Flanders v. White, 142 Ore. 375, 18 Pac. (2d) 823 and Laughton v. Atkins, 18 Mass. (L. Pick.) 535.

In Wilborn, *et al.*, v. Shell, *et al.*, 59 Miss. 205, 42 Am. Rep. 363, it was said:

"The legal presumption is, that a will which was in the possession of the testator, but which cannot be found after his death, was destroyed by him *animo revocandi*. I Redfield on Wills, 328; 1 Jarman on Wills, 270, and authorities cited in note 13. But the material inquiry in all cases is, whether the destruction of the will was *animo revocandi* and to determine this it is necessary to consider the circum-

stances under which, and the purpose and reason for which it was destroyed; and where from all the circumstances in evidence it appears that the destruction or revocation was connected with, or because of the execution of another will, and that the testator meant the revocation of the one to depend upon the validity of the other, then if the latter will is inoperative, from defect of attestation or other cause, the revocation fails also, and the original will remains in force. Hairston v. Hairston, 30 Miss. 276; James v. Shrimpton, L. R. 1 P. D. 431; Barksdale v. Barksdale, 12 Leigh 535; Onions v. Tyler, 1 P. Wms. 343; 1 Jarman on Wills, 294."

That the testator intended the document executed in 1938, and which was prepared at his direction by his secretary, to be his last will and testament cannot be doubted. Neither can it be doubted that he was under the impression that that document was effective as such because the record shows that he not only deliberately prepared and executed it to be his last will and testament, but also that he at or about the time of its execution, told his secretary that he would put that document in a certain place where the secretary would find it when he, the testator, had passed away, and that upon the death of the testator the secretary should immediately take the will from the place where he was told it would be found and deliver it to the officers of a certain bank.

At the death of the testator the secretary looked for the document in that place where the testator told him the will would be found and there he found it. And he thereupon followed the testator's instructions.

The record shows that the will executed in September, 1937, was in many respects identical in language with that appearing in the attempted will of 1938. We think that the

conclusion is inescapable that the testator had the will of September 1937 in his hand and used it as a document for reference at the time of the preparation of what he intended to be a new will, changing some of the provisions as they appeared in the will of September, 1937, and inserting some new provisions.

The evidence is conclusive that Mr. Johnson did not intend to die intestate and that he believed at the time of his death that the attempted will of 1938 effectively disposed of his estate.

The conclusion appears to be inescapable that the attempted revocation of the will of September, 1937, was dependent upon his, the testator's belief that the provisions thereof were substituted by the provisions of the attempted will of 1938.

It is contended by appellee that there was no evidence that the 1937 will was still in existence and not revoked when the new one was made. Duke, the secretary, stated that when deceased was dictating the new will he had in his hand a document which Duke recognized as a will, and that he read several passages from it. This testimony was undisputed and the language of the will indicated that deceased has incorporated passages from the 1937 will into the later one.

The similarity between the two documents is sufficient to establish the relation of one to the other and they both incorporated a general scheme or plan of the testator to dispose of his estate.

The first paragraph of the new will was identical with that of the old one, deceased stating that this was "last will and testament, hereby revoking all others." Diligent search was made but the 1937 will could not be found. The Hon. Hal W.. Adams in his opinion reversing the probate court,

states that the intention to revoke was clear and unequivocal and not conditional upon the later instrument being subsequently held valid. We cannot agree with his views on this point. In order to revoke a valid will there must be a joint operation of act and intention to revoke; and the intention must not be conditional. Redfearn, *supra.,* Sec. 85, page 116. It is our belief that the acts of revocation were done under the conviction that the new will would replace the old, and was not a clear and unequivocal revocation. The doctrine of dependent relative revocation is, therefore, applicable.

The sufficiency of the testimony to establish the missing 1937 will has been questioned by appellee, saying that the conditions imposed by Sec. 64 of the 1933 Probate Acts have not been met.

Section 64 of the 1933 Probate Act provides:

"Section 64. ESTABLISHMENT AND PROBATE OF LOST AND DESTROYED WILLS. The establishment and probate of a lost or destroyed will shall be in one proceeding. Upon the probate of such a will the county judge shall, as a part of his order admitting same to probate, recite and thereby establish and preserve the full and precise terms and provisions of such will.

"The petition for probate of a lost or destroyed will shall contain a copy of such will or the substance thereof. The testimony of each witness must be reduced to writing, signed by him and filed and shall be evidence in any contest of the will if the witness has died or removed from the State.

"No probate of any lost or destroyed will shall be granted until citation has issued and been served upon those who but for such will would be entitled to the property thereby bequeathed or devised, nor unless clearly and distinctly

proved by the testimony of at least two disinterested witnesses, a correct copy being the equivalent of one witness."

It is contended here that the provisions of this statute have not been met because the purported copy did not contain copy of the signature of the testator or copy of the signatures of the subscribing witnesses. We cannot agree with this contention. The copy of the will is admissible as evidence because it is the best evidence available as to the actual contents of the will which was executed. The copy is not for the purpose of showing the execution. In this case the execution of the will, of which the copy was presented to the court, was sufficiently proved by the attorney who prepared the will and made the carbon copy thereof at the same time and by the witnesses who subscribed their names to the executed will. Such evidence was held sufficient in the case of Granacher's Will, 74 Appellate Div. 546, 77 N. Y. S. 748, affirmed by the Court of Appeals in 174 N. Y. 163, 66 N. E. 1009. See also *In Re:* Lundquist's Will, 211 Wis. 541, 248 N. W. 410.

We agree with the conclusions reached by the probate judge, thus holding that the evidence was sufficient to reestablish the instrument and that it was correctly admitted to probate.

The judgment of the circuit court is, therefore, reversed. It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices CHAPMAN and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.