276 So.2d 832 (1973)
In re ESTATE of Perry CARLTON, Deceased.
Carl CARLTON, Petitioner,
v.
Sally Sue SIMS, Etc., et al., Respondents.
No. 42110.
Supreme Court of Florida.
April 26, 1973.
Rehearing Denied May 17, 1973.
*833 Peter J. Winders, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for petitioner.
Richard P. Kenney, Miami, Errol S. Willes and William F. Willes, of Willes, Bittan & Willes, Fort Pierce, for respondents.
PER CURIAM.
By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Fourth District, reported at 258 So.2d 524, which conflicts with the prior decisions of this Court in Stewart v. Johnson (1940), 142 Fla. 425, 194 So. 869; In Re Washington's Estate, Fla. 1952, 56 So.2d 545; In Re Manney's Estate, Fla. 1949, 42 So.2d 535; and Tillman v. Baskin, Fla. 1972, 260 So.2d 509. This conflict is patently reflected in the record proper, i.e., the rulings, findings and ultimate final judgment of the trial judge. We have jurisdiction pursuant to Fla. Const., Article V, § 3 (b)(3), F.S.A.
Petitioner attempted to admit to probate as the Last Will and Testament of the decedent a carbon, but not conformed copy of his alleged "Will" under the provisions of our statutes relating to lost wills. At the close of his case, judgment was immediately entered against him, and upon appeal the Fourth District Court of Appeal affirmed. Accordingly, we are concerned with the limited issue of whether a prima facie case was established by petitioner.
F.S. 732.24(2), F.S.A., relating to proof of wills, provides that if the witnesses' testimony cannot be obtained within a reasonable time, then the executor (or any person having no interest in the estate) may qualify the will by testimony that he believes the writing to be the true Last Will and Testament. Additionally, provision is made for a correct copy to be deemed the equivalent of one witness.
F.S. 732.27(3), F.S.A., relating to the probate of a lost will, provides for establishing such a "lost will" through the clear and distinct testimony of two disinterested witnesses.
Petitioner established at least a prima facie case under the criteria of the statutes cited and the cases appertaining.
Without question, a Last Will and Testament was prepared for the decedent and given to him by his attorney. The copy introduced was in fact the "true copy". The problem surrounds whether the original was executed and duly witnessed. The attorney's testimony reveals that his custom, habit and practice was to only place a copy of such a will in his active files if in fact the "Will" had been duly executed and witnessed. Sub judice, the copy was in his active files. See In Re Manney's Estate, supra, permitting proof of a lost will through testimony regarding an attorney's custom, habit and practice. See also Stewart v. Johnson, supra, where a copy of the "Will" does not have to be conformed.
Argument is made that since the decedent was in possession of the Will, and since it was missing, then he "must" have revoked it through destruction. However, the presumption of destruction must be based upon the "intent" to revoke. See In Re Washington's Estate, supra, where "other evidence" existed to support the conclusion that persons other than the decedent could have destroyed the Will. Sub judice, the original Will was prepared many years prior to decedent's death. His valuables were by custom kept and maintained in an old safe in his home which when opened after his death was waterlogged and contained "mush" (obviously the deluge of papers and documents).
Clearly, the decedent was eccentric. However, equally clear was his stated desire on numerous occasions to leave his estate to the petitioner. Prior to his death, decedent even exhibited a purported holographic Will leaving his estate to the petitioner. Such conduct would not be repugnant to the inference that if and when the decedent opened his "safe" and discovered *834 the original "Will" destroyed through emulsion, he then proceeded to prepare his own Last Will and Testament.
Certainly, by any standards of statutes, case law and rationale, reasonable inferences to be drawn from the evidence, and by logic and reason, a prima facie case was established by petitioner, sufficient to withstand the assault at the close of his case, and to require respondents to come forward with their evidence.
Upon the ultimate close of the evidence and the case, naturally, then the trial judge must weigh and consider the evidence, placing the weight and value where appropriate, consistent with reason, logic and law. This right has been thwarted, and accordingly, the petition for writ of certiorari is granted, the decision of the District Court of Appeal is quashed and this cause is reversed and remanded for further proceedings consistent herewith.
It is so ordered.
ADKINS, Acting C.J., BOYD, McCAIN and DEKLE, JJ., and SPECTOR, District Court Judge, concur.