352 So.2d 1182 (1977)
In re Estate of Emma JONES, Deceased.
BAYFRONT MEDICAL CENTER, INC., Salvation Army of St. Petersburg, and All Children's Hospital, Inc., Appellants,
v.
Peggy Ann JONES, a/k/a Peggy Ann Pinkston, a/k/a Mrs. Charles R. Pinkston, Appellee.
Nos. 76-972, 76-1114.
District Court of Appeal of Florida, Second District.
October 19, 1977.
As Amended On Denial of Rehearing December 16, 1977.
*1183 George F. Wilsey of Fisher & Wilsey, St. Petersburg, for appellant The Salvation Army of St. Petersburg.
Mark R. Lewis of Harrison, Greene, Mann, Rowe & Stanton, St. Petersburg, for appellant Bayfront Medical Center, Inc.
*1184 William S. Belcher of Belcher & Fleece, St. Petersburg, for appellant All Children's Hospital.
W. Langston Holland of Holland & Holland, St. Petersburg, for appellee.
OTT, Judge.
The trial court, sitting as a court in probate, ruled that the pleading of the appellant was, in effect, a petition to revoke probate and not having been filed within six months of the notice of probate was therefore barred. Section 732.28, Florida Statutes (1973). We disagree and therefore reverse. Since we reverse, the applicability of the doctrine of dependent relative revocation becomes important on remand. This point was extensively briefed and argued in this court. We hold the doctrine applicable for the reasons hereafter discussed.
In September 1965, Emma Jones executed a last will and testament. In November 1969, she executed a subsequent last will and testament and thereafter executed a codicil to this will in August 1971.
All three documents were prepared and witnessed by her personal lawyer who was her close friend and confidant.
Following the death of Emma Jones in the year 1973, her 1969 will together with the codicil thereto were admitted to probate. Notice of such probate was published in compliance with the provisions of Section 732.28, Florida Statutes (1973).
The adopted daughter of the decedent filed a timely petition for revocation of probate which, in essence, challenged the validity of the decedent's disposition of her residuary estate (paragraph SEVENTH of the will) on the ground that it contravened the rule against perpetuities. The ruling of the trial court thereon was the subject of a prior appeal to this court wherein the adopted daughter's petition was sustained and the disposition of the residuary estate was ruled to be in violation of the rule against perpetuities. For a more definitive treatment of this aspect of the case see the opinion reported in In re Estate of Jones, 318 So.2d 231 (Fla.2d DCA 1975). We note in passing that the final statement in that opinion concerning resulting intestacy was not intended to be, nor could it be, determinative of the ultimate disposition of the residuary estate upon a proper framing of that issue in the lower court. This would be the normal result but was not an issue treated below or by this court in that phase of the case.
On remand the present appellants petitioned the lower court to substitute the residuary disposition of the 1965 will for the stricken provision of the probated will.
The circuit court below rendered an order holding that the provisions of Section 732.28, the Florida statute in force at the time of probate of the will, barred the appellants' petition. Specifically, the court below held that notice of probate filed pursuant to Section 732.28 barred the appellants' actions as a petition to revoke probate not filed within six months of the notice of probate.
The lower court erred in this regard. The "revocation" of the residuary clause was a result of the adopted daughter's petition and this court's prior opinion. It was not sought nor procured by appellants. Their petition for an alternative disposition pursuant to the 1965 will by reason of dependent relative revocation is not therefore barred by Section 732.28.
That leads us then to consideration of the main point on this appeal. Appellants contend, and we agree, that the residuary clause of the 1965 will along with the valid provisions of the 1969 will may be probated together so as to effectuate the decedent's testamentary intent.
When we consider the probated 1969 will, as modified by the 1971 codicil, we have a very striking similarity with the 1965 will. We have actually made an item by item comparison but think it sufficient to say that such comparison leaves the reader with no question but that the testatrix had, by 1965, formed a very firm testamentary intent which continued essentially unchanged through the 1969 will and its 1971 codicil, namely:

*1185 1. That the daughter was not to inherit  equivalent to saying that the testatrix did not intend to die intestate.
2. That the revoked the 1965 disposition primarily because of mortmain and Internal Revenue Code considerations and only if the new disposition was valid  equivalent to saying that she preferred the 1965 will to intestacy.
More importantly, this intent is clearly apparent without resort to evidence extrinsic to the probated documents. Aside from the similarity of the 1965 and 1969 wills, one finds the testatrix's intention expressed in the SIXTH and EIGHTH (SEVENTH being stricken) paragraphs of the probated will. These two paragraphs read as follows:
SIXTH:
I hereby acknowledge that I have a daughter, by adoption, by the name of PEGGY ANN JONES, who is now MRS. CHARLES R. PINKSTON, or MRS. PEGGY ANN PINKSTON, and after due consideration of her, it is my desire and direction that she shall receive nothing from my Estate or under this my Last Will and Testament.
EIGHTH:
I hereby acknowledge that in my Last Will and Testament, dated September 29, 1965, which was substantially the same as this Will, that my residuary estate was left to three (3) charitable organizations in equal shares, to-wit:
SALVATION ARMY OF ST. PETERSBURG, St. Petersburg, Florida; AMERICAN LEGION HOSPITAL FOR CRIPPLED CHILDREN, St. Petersburg, Florida; and MOUNT PARK HOSPITAL FOUNDATION, INC., St. Petersburg, Florida, for cancer research.
I acknowledge and recognize the Florida law relative to charitable beneficiaries and the six (6) months' provision of said law relative to gifts or devises of charitable beneficiaries, and state that my overall testamentary plan has not changed from my previous Will, but only the selection of the beneficiaries.
In Stewart v. Johnson, 142 Fla. 425, 194 So. 869 (1940) the supreme court clearly adopts the doctrine of dependent relative revocation where there is made to appear:
1. The intent of the testator not to die intestate.
2. The intent of the testator that the revocation is conditionally qualified on the validity of the new disposition. Stated another way: The testator prefers the prior disposition if the new one fails for any reason.
By way of dicta  chiefly in the lengthy quotation from 68 C.J. 99  there is a caveat suggested: where there is a failure of a specific gift in the later (and otherwise valid) will as opposed to the total failure of the new will, some jurisdictions require that the requisite testamentary intent be made to appear from language contained in the valid (probated) will. Of course, it was unnecessary in the Stewart case for the supreme court to deal with this limitation of the doctrine since the later will failed in toto.
The appellee argues that the supreme court in the case of In re Pratt's Estate, 88 So.2d 499 (Fla. 1956) precludes application of the doctrine where a particular gift fails in an otherwise valid will.
To the contrary we think Pratt adopts the above caveat. The net result of the Pratt decision is to require, in such a situation, that the intent of the testator appear in the probated document  prohibiting resort to evidence extrinsic thereto for the purpose of establishing the testator's intent.
Speaking through Justice Hobson the court goes on to very thoroughly develop its rationale and its rejection of the admission of parol testimony to contradict an unambiguous and unqualified revocation.[1]
*1186 This court has previously fully subscribed to and followed Stewart and Pratt in the case of In re Lubbe's Estate, 142 So.2d 130 (Fla. 2d DCA 1962).
Both the Pratt and Lubbe courts found it difficult to envision a factual situation other than a codicil failure where a specific gift failure would result in revival or preservation of an earlier disposition.
We believe, and so hold, that both prerequisites clearly appear in this case from the probated document, namely:
1. Emma Jones did not intend to die intestate. Positively stated, she clearly intended that her only heir at law (the adopted daughter) should not inherit, whether Emma Jones died testate or intestate.
2. Emma Jones' otherwise valid revocation was conditional upon the effectiveness of the new disposition. Positively stated, she preferred or preserved the prior residuary disposition upon failure of the new one.
One final matter remains: the allowance of attorney's fees to counsel for the adopted daughter. An attorney who benefits an estate is entitled to an attorney's fee from that estate. Section 733.106(3), Florida Statutes (1975) (formerly Section 734.01(2), Florida Statutes (1973)). See Watts v. Newport, 151 Fla. 209, 9 So.2d 417 (1942); In re Estate of MacPhee, 216 So.2d 489 (Fla.2d DCA 1968).
Reasonable attorney's fees are allowable to a contestant who is successful in changing the manner of distribution of a decedent's estate. In re Wilmott's Estate, 66 So.2d 465 (Fla. 1953).
It therefore appears that counsel for the adopted daughter is entitled to a fee. However, the court below set the amount of the fee based upon an agreement between the personal representative and the adopted daughter. While at the time the present appellants were not yet established as interested parties, such an award should have more properly awaited the outcome of these proceedings. Since the agreement did not include all of the affected parties  the appellants herein  we set aside the award of fees and remand for a hearing thereon with notice to all interested parties.
The order of the trial court denying the appellant's standing to be heard as barred by the provisions of Section 732.28, Florida Statutes is reversed and set aside and the cause is remanded for further proceedings consistent herewith.
McNULTY, J., concurs.
BOARDMAN, C.J., dissents with opinion.
BOARDMAN, Chief Judge, dissenting.
After a long and hard look at the facts of the case before us in light of In re Pratt, I find that I must dissent from the majority opinion. While I do not disagree with Judge Ott's conclusion that application of the doctrine of partial dependent relative revocation is not precluded by any legal precedent in Florida, I do not believe that it is appropriate under the facts of the case before us.
The testamentary instruments before this court clearly and unambiguously express the intent of the testatrix to leave the major portion of her estate to charity and to disinherit her adopted daughter who is the appellee in this case. Nonetheless, we are bound by the law of wills as developed in Florida and
we can give effect to the intent of the testator only insofar as it is not inconsistent with [that] law. .. .
In re Pratt's Estate, supra, at 503.
The 1969 will executed by the testatrix, Emma Jones, included two provisions critical to my decision in this case. First is the express revocation of all prior wills and codicils in the preface even though they would have been revoked by operation of *1187 law absent such a provision. Second is the express revocation of the bequest to the Salvation Army, American Legion Hospital (All Children's Hospital), and the Mound Park Hospital (Bayfront Medical Center) in paragraph eight of the 1969 will which provided that her
overall testamentary plan has not changed from my previous Will, but only the selection of the beneficiaries.
A further indication of her intent to revoke the bequest to appellants is implied by paragraph seven of the 1969 will, the ill-fated charitable trust provision, which does not mention appellants while it does include a precatory clause specifically suggesting to the cotrustee that the "Most Worshipful Grand Lodge, F. & A.M. of the State of Florida" be considered as a beneficiary. Under the circumstances of the case we are restricted by In re Pratt to look no further than the testamentary documents to determine the intent of the testatrix to revoke prior wills.
The doctrine of dependent relative revocation is based on the desire of the judiciary to fulfill the testator's intended disposition of his estate. Application of that doctrine, however, requires an initial determination by the court that the testator did not intend to revoke a prior will or bequest if the later will or bequest was void. Where as in this case the later, 1969 will clearly evidences an intent to revoke the earlier, 1965 bequest to appellants we cannot apply the doctrine even to effect the testatrix's overall desire to leave her estate to charitable entities.
Moreover, I do not believe that this appeal is properly before this court. By the mandate of this court in the 1975 appeal involving the estate of Emma Jones the residue was to pass by intestacy to the adopted daughter. Notice of probate of the Jones estate was given to all interested parties as required by the law then in effect. It was then incumbent on any properly noticed party purportedly interested in the estate to make its interest known to the court within six months of the notice. Any interest appellants might have had in the Jones estate did not arise from the invalidity of the 1969 charitable trust provision, it arose from the testatrix's execution of the 1965 will.

ON PETITION FOR REHEARING
BOARDMAN, Chief Judge, dissenting.
Consistent with the view expressed in my dissenting opinion, I would affirm the decision of the trial court and grant the petition for rehearing.
NOTES
[1] The supreme court declined to follow two non-Florida cases which illustrated "the danger of admitting and considering parol evidence to modify the unambiguous words of a complete testamentary instrument." 88 So.2d at 504. In each of the foreign jurisdiction cases, the decedent died within 30 days of the execution of the last will, thereby running afoul of the mortmain provisions in those jurisdictions. The Supreme Court of California and the District of Columbia Circuit Court applied the doctrine of dependent relative revocation to save bequests to charity even though it was necessary to go outside the probated document for evidence of the necessary intent. In re Kaufman's Estate, 25 Cal.2d 854, 155 P.2d 831 (1945); Linkins v. Protestant Episcopal Cathedral Foundation, 87 U.S.App.D.C. 351, 187 F.2d 357 (1950).