IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ANN BOREN F/K/A
ANN BOREN CARNEY,

      Petitioner,

 v.                                  Case No.  5D17-3004

THOMAS ROGERS, ESQUIRE,
AS PURPORTED TRUSTEE OF
THE ELAINE MULLINS LIVING
TRUST, EVELYN VEGA RIVERA
AND ESTATE OF ELAINE MULLINS,

      Respondents.

_____/

Opinion filed February 2, 2018

Petition for Certiorari Review of Order
from the Circuit Court for Volusia County,
Margaret  W. Hudson, Judge.

Jordan R. Hammer, Anya M. Van Veen and
Jeffrey H. Skatoff, of Clark Skatoff PA, Palm
Beach Gardens, for Petitioner.

J. Stephen Pullum, of Pullum & Pullum,
P.A., Lake Mary, and Denise VanNess, of
VanNess & VanNess, P.A., Crystal River,
for Respondent, Thomas Rogers, Esquire.

No Appearance for Other Respondents.

LAMBERT, J.

      Petitioner, Ann Boren, seeks a writ of certiorari to quash a protective order that

precluded production of all documents requested by Boren in her initial discovery request.

For the following reasons, we grant the writ.

Boren filed an amended complaint seeking to void a 2014 trust and a 2013 trust executed by Elaine Mullins. Boren alleged that for many years prior to Mullins' death in December 2014, Mullins had maintained a longstanding estate plan whereby her assets would pass to certain family members, including Boren, upon her death. Boren further alleged that the respondent, Evelyn Rivera,[1] who is not a family member, befriended Mullins late in her life, when Mullins was in failing health and suffering from cognitive deficits, and unduly influenced Mullins to execute these two trusts at a time Mullins lacked the capacity to do so. As a result, Boren alleged, Rivera became the substantial beneficiary under these two trusts, and but for these trusts, Boren would be a trust beneficiary under Mullins' earlier trusts.

Co-Respondent, Thomas Rogers, the named trustee of the 2014 and 2013 trusts and also the attorney who prepared the trust documents, answered the amended complaint. In addition to denying the material allegations of the complaint, Rogers defended that Boren also lacked standing to void the trusts under the doctrine of dependent relative revocation[2] because the trust was initially created in 1992 and "was amended and/or restated in 1996, 2000, 2002, 2005, 2007, 2013, and 2014," and Rogers therefore asserted that Boren must first show that she would have been a beneficiary under an earlier trust before she would be entitled to receive a copy of the most recent trust documents.

---

[1] Rivera has not filed an appearance in this proceeding.

[2] The doctrine of dependent relative revocation "means that where [a] testator makes a new will revoking a former valid one, and it later appears that the new one is invalid, the old will may be re-established on the ground that the revocation was dependent upon the validity of the new one, [the] testator preferring the old will to intestacy." *Stewart v. Johnson*, 194 So. 869, 870 (Fla. 1940).

Boren then filed a first request for production of documents pursuant to Florida Rule of Civil Procedure 1.350. Boren requested that Rogers produce copies of all trust documents prepared by Rogers, his law firm, or by anyone else for Mullins' signature from January 1, 1992, to date,[3] together with copies of all notes, memoranda, or other documents created or maintained by Rogers relative to both the trust documents and communications to and from Mullins regarding the preparation or execution of the trust documents and other estate planning documents. Boren also asked for copies of any and all communications between Rivera and Rogers or his law firm regarding Mullins. Finally, Boren requested copies of any and all documents related to payment of legal fees to Rogers for services rendered on behalf of Mullins.

Rogers moved for a protective order as to all requested documents on four grounds. Rogers first argued that before obtaining production of the documents, Boren must overcome the presumption that Mullins' 1988 will that Boren seeks to administer in a separate probate proceeding is lost or destroyed.[4] Second, Rogers asserted that Boren's request was overbroad because it asked for documents from a period of twenty-two to thirty years. Third, Rogers contended that the requested documents are irrelevant to the amended complaint and, thus, he should not have to produce them because: (1) Boren does not allege the specific trust for which she claims that she is a beneficiary and, (2) without having possession of the original 1988 will, Boren must first overcome the presumption that this will was destroyed by Mullins. Fourth, Rogers stated that to the

---

[3] Rogers indicated in his answer to the amended complaint that he represented Mullins and her late husband for over thirty years.

[4] The appendix filed by Boren does not contain a copy of this 1988 will, but based upon Rogers' motion, it appears that Boren would be a beneficiary under this will that predates the trust first executed by Mullins in 1992.

3

extent that the requested documents contain Mullins' "private financial information," those documents are protected by the constitutional right of privacy. *See* Art. I, § 23, Fla. Const.

The trial court held a hearing on the motion for protective order and, in its first order, directed that Rogers provide the trust instruments from 1992–2007 to the court for an in-camera review. The documents were submitted to the court under seal. Following its review, the court entered a subsequent order finding that Boren was "not entitled to a review of those documents" and granted the motion in its entirety as to all requested documents without further explanation. Boren seeks certiorari relief from this second order.

"Certiorari is the appropriate remedy when a discovery order departs from the essential requirements of law, causing material injury to the petitioner throughout the remainder of the proceedings in the trial court, effectively leaving no adequate remedy on appeal." *Anderson v. Vander Meiden ex. rel Duggan*, 56 So. 3d 830, 832 (Fla. 2d DCA 2011) (citing *Allstate Ins. v. Boecher*, 733 So. 2d 993, 999 (Fla. 1999)). However, "[c]ertiorari is rarely available to review orders denying discovery because in most cases the harm can be corrected on appeal." *Id.* (quoting *Giacalone v. Helen Ellis Mem'l Hosp. Found., Inc.*, 8 So. 3d 1232, 1234 (Fla. 2d DCA 2009)). Nevertheless, in those rare circumstances when the discovery is relevant or is reasonably calculated to lead to the discovery of admissible evidence and the order effectively eviscerates a party's claim, defense, or counterclaim, relief by writ of certiorari is appropriate. *Id.* (quoting *Giacalone*, 8 So. 3d at 1234).

Rule 1.280(b)(1) permits a party to obtain discovery regarding any non-privileged information that is relevant to the subject matter of the pending action and that would be admissible at trial or appears reasonably calculated to lead to the discovery of admissible

4

evidence. Subsection (c) of this rule does, however, provide that a court, upon a showing of good cause, may order that discovery not be had. In the instant case, the trial court made no finding of good cause, provided no explanation in its order for denying the motion, nor did it separately analyze the individual requests contained in the respective paragraphs of Boren's discovery request. This is insufficient when, as here, Boren's document request is directed at items that, based on the allegations in the amended complaint, would appear to be admissible at trial or otherwise reasonably calculated to lead to admissible evidence. Moreover, because Boren would need the trust documents at trial to establish that she has standing as a prior interested beneficiary in the trust to bring this suit, the order effectively eviscerates her claim, which cannot be remedied on direct appeal because, at the very least, with no access to these documents, Boren lacks the ability to explain or demonstrate on direct appeal how the trust documents would have established her standing.

Accordingly, we grant the petition for writ of certiorari and quash the present protective order. We remand with instructions that the trial court permit discovery of the requested trust documents or, alternatively, make the requisite finding of good cause as to why these trust documents must be protected from production. Additionally, the trial court is directed to reconsider and specifically address whether good cause exists as to Rogers' objections to the production of the remaining categories of documents requested, including his claim of privilege regarding the documents allegedly containing Mullins' private financial information.

PETITION GRANTED, ORDER QUASHED; REMANDED WITH INSTRUCTIONS.

ORFINGER and EISNAUGLE, JJ., concur.