HOBSON, Judge.
The appellees filed their petition for the establishment of lost or destroyed will. The appellants answered and the appellees introduced into evidence the answers to written interrogatories propounded to the attorney who had drawn the will of Mrs. Maynard. The County Judge then entered the order appealed establishing and probating the lost or destroyed will of Mrs. Maynard. The County Judge established the *924 terms and provisions of the original will which he found to be lost or destroyed as being those terms and provisions set forth in the copy of Mrs. Maynard’s will located in her safety deposit box.
Appellants contend that under Florida Statute § 732.27(3), F.S.A. which reads:
“No probate of any lost or destroyed will shall be granted until citation has issued and been served upon those who, but for such will, would be entitled to the property thereby bequeathed or devised; or unless clearly and distinctly proved by the testimony of at least two disinterested witnesses, a correct copy being the equivalent of one witness.”
the unconformed copy of Mrs. Maynard’s will cannot be considered a correct copy as required by the statute and, therefore, is not the equivalent of one witness.
There is sufficient proof in the record, namely, the answer to interrogatories filed by the attorney who drew the will, to prove the execution of the original will and that it was either lost or destroyed.
The correct copy referred to in Florida Statute § 732.27(3), F.S.A. is not for the purpose of proving the execution of the original will but for proving the actual contents of the original will. Therefore, it is not necessary that the copy contained a copy of the signature of the testator and copies of the subscribing witnesses.
In Stewart v. Johnson, 1940, 142 Fla. 425, 194 So. 869, it was held at p. 872:
“It is contended here that the provisions of this statute have not been met because the purported copy did not contain copy of the signature of the testator a copy of the signatures of the subscribing witnesses. We cannot agree with this contention. The copy of the will is admissible as evidence because it is the best evidence available as to the actual contents of the will which was executed. The copy is not for the purpose of showing the execution. In this case the execution of the will, of which the copy was presented to the Court, was sufficiently proved by the attorney who prepared the will and made the carbon copy thereof at the same time and by the witnesses who subscribed their names to the executed will.”
Florida Statute § 732.27(3), F.S.A. having been complied with through the answers to interrogatories by the attorney drawing the will and the copy of the will at the same time, the County Judge was eminently correct in entering the order appealed.
Affirmed.
PIERCE, C. J., and McNULTY, J., concur.