382 So.2d 652 (1980)
In re ESTATE of Ruth W. PARKER.
No. 56899.
Supreme Court of Florida.
March 6, 1980.
Rehearing Denied May 14, 1980.
Law Offices of Day, Williamson, Grantham & Hess, Lake Worth, and Larry Klein, West Palm Beach, for petitioners.
William A. Johnson of Johnson, Ackerman & Bakst, West Palm Beach, Richard C. Sorgini, Lake Worth, and Edna L. Caruso, West Palm Beach, for respondent.
BOYD, Justice.
This cause is before the Court on petition for certiorari to review a decision of the district court of appeal. In re Estate of Ruth W. Parker, 369 So.2d 1034 (Fla. 4th DCA 1979). That court certified that the *653 decision passed upon a question of great public interest. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The case arises from a petition to establish and for probate of a lost or destroyed will pursuant to section 733.207, Florida Statutes (1977).[1] The respondent estate sought to establish the lost or destroyed will by way of an asserted "correct copy" and the testimony of the personal representative. The circuit court held that the purported copy of the lost or destroyed will was not a "correct copy." The district court reversed this holding, concluded from the evidence that the draft was an accurate reproduction of the lost original, and held that the copy was a "correct copy" within the meaning of the statute and could be established by the testimony of one witness. Recognizing the far-reaching effect of its decision, the district court determined the issue to be one of great public interest, and certified to this Court the following question:
Under Chapter 733.207(3) of the Florida Statutes (1977) does the language "correct copy" mandate an identical copy such as a carbon or xerox copy or will a substantial copy suffice?
In Florida there is a well established rule that "when a will has been lost or destroyed, the presumption of law is that the testator destroyed it with the intention of revoking it, and the burden of proving to the contrary is on the propounder of the will." In re Washington's Estate, 56 So.2d 545, 545 (Fla. 1952). The first step in overcoming this presumption is by the establishment and admission to probate of the lost or destroyed will pursuant to section 733.207.
Section 733.207(3) requires that the contents of a lost or destroyed will be proved by the testimony of two disinterested witnesses or by the testimony of one disinterested witness and a "correct copy" of the lost or destroyed will.
Black's Law Dictionary, 405 (Rev. 4th ed. 1968), defines "copy" as "the transcript or double of an original writing," citing In re Jane's Estate, 18 Cal.2d 512, 116 P.2d 438 (1941). It was said there that "`copy' implies that the instrument so labeled is identical with another instrument." Id. at 516, 116 P.2d at 441. The word "copy" is also defined as "a true transcript of an original writing," Bouvier's Law Dictionary 674 (3d Rev. 1914), and "a reproduction of an original work." Ballentine's Law Dictionary 271 (3d ed. 1969).
The word "correct" is defined as "adhering or conforming to an approved or conventional standard." Its synonyms are "right, regular, proper, true, faultless, perfect, strict, accurate, precise, exact." Webster's Third New International Dictionary 511.
The word "copy," then, means a double of an original instrument, such as a carbon or photostatic copy. The word "correct" modifies and qualifies the word "copy." It strengthens the already strong word "copy." We therefore conclude that the words "correct copy" means a copy conforming to an approved or conventional standard and that this requires an identical copy such as a carbon or photostatic copy.
The draft which the respondent introduced as a "correct copy" of the lost will does not fulfill the requirements established by the aforementioned definitions of either of the statutory terms. It is not a "copy" *654 because a draft is not a double or a true transcript of an original writing. It is not "correct" because it is not the approved or conventional way of making a copy of an original writing.
A draft which is an accurate and correct reflection of the contents of a lost will is not the same as a "correct copy." To prove the former the statute requires the testimony of two witnesses. To prove the latter, the testimony of one witness suffices. Had the legislature intended for a substantial copy to be admitted to probate on the testimony of one witness, it would not have made the distinction found in section 733.207(3). We answer the certified question by holding that a "correct copy" is an identical copy such as a carbon or photostatic copy.
The petitioners argue that the district court erred in deciding that the presumption of revocation of the lost will was overcome by the evidence since the circuit court declined to admit the purported will to probate. We agree. The trial court correctly held that the draft put forward as a "correct copy" did not meet the statutory requirement for establishment and proof by the testimony of one disinterested witness. Therefore the district court erred in holding that the presumption of revocation was overcome.
The decision of the district court is quashed with directions that the cause be remanded for further proceedings consistent with this opinion.
It is so ordered.
ENGLAND, C.J., and ADKINS, SUNDBERG and McDONALD, JJ., concur.
OVERTON and ALDERMAN, JJ., dissent.
NOTES
[1] 733.207 Establishment and probate of lost or destroyed will.

(1) The establishment and probate of a lost or destroyed will shall be in one proceeding. The court shall recite, and thereby establish and preserve, the full and precise terms and provisions of the will in the order admitting it to probate.
(2) The petition for probate of a lost or destroyed will shall contain a copy of the will or its substance. The testimony of each witness must be reduced to writing and filed and shall be evidence in any contest of the will if the witness has died or moved from the state.
(3) No lost or destroyed will shall be admitted to probate unless formal notice has been given to those who, but for the will, would be entitled to the property thereby devised. The content of the will must be clearly and distinctly proved by the testimony of two disinterested witnesses, or, if a correct copy is provided, it shall be proved by one disinterested witness.