470 So.2d 740 (1985)
In re the Matter OF Determination of HEIRS of Octavia HODGE, Deceased.
Alden POOLE, Appellant,
v.
Ruby Jean BURNETT, Appellee.
No. 84-677.
District Court of Appeal of Florida, Fifth District.
May 23, 1985.
Rehearing Denied June 17, 1985.
*741 Steven H. Gray and Ralph J. McMurphy, of Green, Simmons, Green, Hightower & Gray, P.A., Ocala, for appellant.
E.G. Musleh, Ocala, and Tyrie A. Boyer of Boyer, Tanzler & Boyer, P.A., Jacksonville, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment determining heirs.
This case involves the rarity "virtual adoption." When someone gives his or her natural child to another with an agreement that the other will adopt the child then the child will be deemed to have an enforceable contractual right. Sheffield v. Barry, 153 Fla. 144, 14 So.2d 417 (1943); Roberts v. Caughell, 65 So.2d 547 (Fla. 1953); Laney v. Roberts, 409 So.2d 201 (Fla. 3d DCA 1982); Habecker v. Young, 474 F.2d 1229 (5th Cir.1973) (applying Florida Law).
The seminal, as appellate courts often say, case is Sheffield v. Barry, 153 Fla. 144, 14 So.2d 417 (1943) where it was declared that an oral or written promise to adopt may be enforced by the child in an intestacy proceeding to establish rights of inheritance. The elements to be proved include:
1. an agreement between the natural and adoptive parents;
2. performance by the natural parents of the child in giving up custody;
3. performance by the child by living in the home of the adoptive parents;
4. partial performance by the foster parents in taking the child into the home and treating the child as their child; and
5. intestacy of the foster parents.
Appellee was three years old when her mother died and her father gave her to the Hodges. Although there was no one to testify directly that they heard or read an agreement to adopt, there was sufficient evidence in the record for the trial judge to conclude that there was an agreement to adopt. When Ruby was nine the Hodges told her she was not their natural daughter but was adopted. She lived with the Hodges until she married at age seventeen and was always called Hodge, loved as a daughter and responded in kind. Mr. Hodge was the president of her P.T.A. when she was in school, he signed her report cards, she paid his funeral expenses and attended his funeral. This is evidence in affidavit form to support the final summary judgment. No affidavit in opposition to these facts was presented. Landers v. Milton, 370 So.2d 368 (Fla. 1979).
We agree with the trial judge that all elements were established.
Appellant alleges laches or a statute of limitations applies and appellee should be barred from successfully asserting her right as an heir. Appellee was not the plaintiff and did not even know she had not been legally adopted until the plaintiff, appellant, brought it to her attention. She cannot suffer a laches bar under these circumstances.
AFFIRMED.
SHARP and COWART, JJ., concur.