PER CURIAM.
At issue here is whether an unsigned carbon copy may be used to establish and probate a lost will. In petitioning the court to establish a lost or destroyed will, appellant Bury filed a carbon copy of the last will of the decedent, but which was unsigned by any witnesses or the testatrix. She supported her petition by testimony from the lawyer who drafted the will and who was also a subscribing witness to the original. The lawyer testified that the original was signed by the testatrix in the presence of two witnesses (one being himself), who also signed in their presence and the presence of the testatrix, and that the carbon copy was a correct copy of the original will so executed.
Appellee DiLegge is the niece of decedent and would take the entire estate by intestacy. She denied Bury’s petition, countered with a petition for administration intestate, and filed the motion for summary judgment that is the subject of this appeal. In granting summary judgment, the trial court found that the unsigned carbon copy was not the correct copy required by section 733.207(3), Florida Statutes (1989), because it lacked the signature of the decedent, and only one of the two subscribing witnesses was still living (the lawyer) and capable of testifying to authenticity and the formalities of execution. We reverse.
Both the trial court and appellee fail to distinguish between proving the content of a lost will and proving the execution of the original of a lost will. In order to establish a lost will, section 733.207(3) requires that:
The content of the will must be clearly and distinctly proved by the testimony of two disinterested witnesses, or, if a correct copy is provided, it shall be proved by one disinterested witness.
The statute conspicuously does not expressly require that the “correct” copy itself bear the necessary signatures. This is so because the purpose of the correct copy is not to prove execution of the original but to prove the content of the original.
The contention accepted by the trial court here in denying probate was long ago rejected under a predecessor version of the same statute. In Stewart v. Johnson, 142 Fla. 425, 194 So. 869 (Fla.1940), the Supreme Court held:
It is contended here that the provisions of the statute have not been met because the purported copy did not contain copy of the signature of the testator or copy of the signatures of the subscribing witnesses. We cannot agree with this contention. The copy is not for the purpose of showing execution.
142 Fla. at 433, 194 So. at 872.[1]
Stewart was more recently followed in In re Estate of Maynard, 253 So.2d 923 *677 (Fla. 2d DCA 1971), where the court rejected an identical contention to that raised here, saying:
The correct copy referred to in Florida Statute § 732.27(3), F.S.A. is not for the purpose of proving the execution of the original will but for proving the actual contents of the original will.
253 So.2d at 924.
In its order granting summary judgment, the court relied in part on In re Sissleman’s Will, 23 Fla.Supp. 30 (Fla.Dade Cty.Ct.1964), which found that the absence of testimony attesting to the proper execution of the original will was fatal to the attempted probate of a lost will. In Sissle-man, two witnesses testified that, while they had seen a copy of the lost will, they could not say that the original had been executed and witnessed with the formalities required by law. That situation, however, is readily distinguishable from this case because the attorney who prepared Ms. Kero’s will was also a subscribing witness and testified to its proper execution.
The summary judgment also says that the carbon copy here cannot be a correct copy within the holding of In re Estate of Parker, 382 So.2d 652 (Fla.1980). On the contrary, Parker specifically provided that a “correct copy” for the purposes of section 733.207(3) “is an identical copy such as a carbon or photostatic copy.” [e.s.] 382 So.2d at 654. The court did distinguish, however, between a “substantial copy” and an “identical copy”.
The copy sought to be used as a “correct” copy in Parker was a handwritten draft prepared by a lawyer/witness of a proposed will and a later typewritten version prepared by the same witness, both of which preceded the later original typed by the testator himself and executed with the usual formalities. The original actually executed by the testator differed from the earlier drafts by having a legal description of real property and “some trivial address changes for one or two of the named beneficiaries.” In re Estate of Parker, 369 So.2d 1034, 1035 (Fla. 4th DCA 1979).
The supreme court concluded that the term “correct copy” in section 733.207(3) is synonymous with the words “identical copy” and that the earlier drafts did not meet the statutory requirement because “a draft is not a double or a true transcript of an original writing.” 382 So.2d at 654. It then held that a “ ‘correct copy’ is an identical copy such as a carbon or photostatic copy.” 382 So.2d at 654.
The testimony of the only surviving witness in this case was that the copy proffered was identical to the original executed by the decedent. It thus met all the requirements of a “correct copy” under section 733.207(3) for proving the content of a lost original will. The courts in Stewart, Maynard and Parker never sought to add another requirement that the identical copy also contain the signatures of the testator and witnesses in order to constitute “correct copies.” To do so is to confuse due execution of the original with proof of the content of the lost will sought to be probated.
The summary judgment is reversed and the case remanded to the probate court for proceedings not inconsistent with our holding.
REVERSED AND REMANDED WITH DIRECTIONS.
GUNTHER, WARNER and FARMER, JJ., concur.

. The wording of the statute construed by the Stewart court, section 64 of the 1933 Probate Act, is nearly identical to its modern-day successor. It provides: “No probate of any lost or destroyed will shall be granted * * * unless clearly and distinctly proved by the testimony of *677 at least two disinterested witnesses, a correct copy being the equivalent of one witness.”