PER CURIAM.
This is an appeal by the natural parents from a final order terminating their parental rights as to the minor child, C.L., alleging *1040 that the trial court erred in finding that there was clear and convincing evidence to terminate their parental rights and that it was in the child’s best interests to do so. We find that the trial court’s decision to terminate the natural parents’ parental rights is amply supported by clear and convincing evidence and accordingly we affirm the decision of the trial court.
The trial court entered an extremely detailed fourteen page order setting forth its findings of fact, including its evaluation of the credibility and reliability of the witnesses. It concluded that grounds for termination had been established under both subsections 39.464(3) and 39.464(5), Florida Statutes (1991). The trial court, as trier of fact, was in a unique position in this case. It reached its decision after presiding over both the criminal case against the natural parents and the termination proceedings so that it listened to all the testimony without relying on depositions or transcripts.
In the criminal proceeding a jury found the natural parents guilty of criminal conduct involving the child; specifically, delivery of a controlled substance to a child, uttering a forged or fraudulent prescription and child neglect. The criminal convictions were affirmed on appeal. The evidence in the criminal trial formed the basis for part, but not all of the evidence in the termination case. The ti'ial court heard detailed testimony directed to the additional allegations, apart from the testimony already presented at the criminal trial, including testimony and evidence concerning the circumstances surrounding the deaths of four of the natural parents’ five previous children.
This court will not overturn the trial court’s findings “unless it may be said as a matter of law that no one could reasonably find such evidence to be clear and convincing.” In Re Adoption of Baby E.A.W., 647 So.2d 918, 923 (Fla. 4th DCA 1994); Kingsley v. Kingsley, 623 So.2d 780, 787 (Fla. 5th DCA 1993), review denied, 634 So .2d 625 (Fla.1994); In Re: D.J.S., 563 So.2d 655, 662 (Fla. 1st DCA 1990). The fact that there is some evidence in the record to support the trial court’s findings does not mean that the appellate court is obligated to affirm. The evidence must be sufficient to convince the trier of fact “without hesitancy.” Inquiry Concerning a Judge, 645 So.2d 398, 404 (Fla.1994); In Re Adoption of Baby E.A.W., 647 So.2d at 934 (Klein, J., dissenting). We have reviewed the record in this case, including the testimony of the various expert witnesses and the findings of the juvenile court in New York, which terminated the natural parents’ parental rights to the fifth child. The record in this cause convinces us that the decision of the trial court should be affirmed.
STONE, PARIENTE and SHAHOOD, JJ., concur.