754 So.2d 847 (2000)
Roger DAUL, Dolores E. Carmichael and Lois Mae Nies, Appellants,
v.
Howard GOFF, Personal Representative of the Estate of Senarita Manders, Appellee.
No. 2D99-1642.
District Court of Appeal of Florida, Second District.
April 7, 2000.
*848 David K. Oaks of David K. Oaks, P.A., Punta Gorda, for Appellants.
Sandra Sanders, Arcadia, for Appellee.
NORTHCUTT, Judge.
Mr. Daul, Ms. Carmichael and Ms. Nies, the children and heirs of Senarita Manders, challenge the circuit court's admission of a copy of Ms. Manders's lost will to probate. We reverse because Mr. Goff, who petitioned to establish the lost will, did not present competent substantial evidence sufficient to overcome the presumption that the original will had been revoked.
In 1992, Manders executed a will excluding her children and naming the Florida Sheriffs' Youth Ranch as the beneficiary of her estate. Manders's attorney testified that he had given her the original will, and that she had signed a receipt for it. But when she died, the original will could not be found. When a testator has had her will in her custody, and it cannot be located after her death, a presumption arises that, in the absence of other evidence, she has destroyed it with the intention of revoking it. See In re Estate of Parker, 382 So.2d 652 (Fla.1980); In re Estate of Kuszmaul, 491 So.2d 287 (Fla. 4th DCA 1986).
Where the presumption arises, as in this case, the proponent of the will has the burden of overcoming it. Goff was required to present competent substantial evidence that would justify a finding that the will had not been revoked. See In re Estate of Baird, 343 So.2d 41, 43 (Fla. 4th DCA 1977). The evidence showed that in March 1998 Manders became ill and asked Carmichael to assist her. Several times between then and Manders's death in July of that year, Carmichael traveled from her home in Michigan to Florida. During these visits she accompanied Manders to the bank and helped her inventory the contents of her safe deposit box. Carmichael also cleaned her mother's home while she was in the hospital. She admitted that her mother gave her some documents, which she took back to Michigan.
While these facts could show that Carmichael had the opportunity to destroy Manders's will, mere opportunity is insufficient to rebut the presumption of revocation. It is only one factor to be considered. See In re Estate of Parson, 416 So.2d 513 (Fla. 4th DCA 1982) (noting evidence showed that parties adverse to the will had access to the decedent's home before and after her death; this fact, combined with conflicting testimony about whether testator still wished to give property to the beneficiary named in the will, was insufficient to overcome the presumption of revocation).
In re Estate of Washington, 56 So.2d 545 (Fla.1952), illustrates the type of evidence that, when coupled with the opportunity to destroy the will, will overcome the presumption of revocation. There, a witness testified that the decedent had *849 confirmed her intention to leave her estate to the beneficiary named in her will several days before she died. Immediately after her death, two brothers who were not beneficiaries under the will asked about the decedent's deeds and where she kept them. They went to her home and ransacked it. A jar where the decedent kept her important papers was seen just before her death. It was missing after the brothers departed. Moreover, neither of them explained their actions in court.
The testimony in this case did not intimate that Carmichael engaged in suspect behavior; it established only that she was in her mother's home alone. She had gone to the home to clean it and to get items such as glasses and dentures that her mother needed while she was in the hospital. Moreover, Carmichael testified that she had not found or destroyed her mother's will. Nothing suggested that Carmichael had access to her mother's safe deposit box when Manders was not present. The evidence in this case simply is insufficient to overcome the presumption.
We reverse the order admitting the photocopy of Manders's lost will to probate. We remand with directions that Manders's estate be administered as an intestate succession.
PARKER, A.C.J., and DAVIS, J., Concur.