965 So.2d 1157 (2007)
In re ESTATE OF Ladislav Louis MUSIL, deceased.
Geraldine Douglass, Appellant,
v.
Rosa Frazier, as Curator of the Estate of Allen Frazier, deceased, Appellee.
No. 2D06-2114.
District Court of Appeal of Florida, Second District.
August 15, 2007.
*1158 May L. Cain and William J. Snihur, Jr., of Cain & Snihur, LLP, Aventura, for Appellant.
Phillip A. Baumann of Phillip A. Baumann, P.A., Tampa, for Appellee.
WALLACE, Judge.
Geraldine Douglass appeals the probate court's final order that denied her petition to establish a lost or destroyed will of Ladislav Louis Musil (the decedent) and that concluded the decedent had virtually adopted Allen Frazier. Ms. Douglass also challenges the probate court's findings in an earlier, nonfinal order that Allen Frazier had established four of the five elements of virtual adoption. Ms. Douglass is a niece of the decedent and a beneficiary named in the alleged lost will dated August 8, 1981. We affirm the probate court's decision that denied Ms. Douglass' petition to establish the lost or destroyed will. However, we reverse the probate court's ruling that Allen Frazier had been virtually adopted by the decedent.

I. PROCEDURAL HISTORY
On February 12, 2006, after an evidentiary hearing, the probate court entered a nonfinal order determining that Allen Frazier had established four of the five elements necessary to prove that he had been virtually adopted by the decedent. The fifth element, the intestacy of the decedent, was resolved in the final order dated April 6, 2006. In that order, the probate court found that Ms. Douglass had failed "to overcome the presumption that when the original of the last will and testament of a decedent cannot be found after [his] death it is presumed to have been revoked by destruction." See Daul v. Goff, 754 So.2d 847, 848 (Fla. 2d DCA 2000) (explaining the rebuttable presumption and the movant's burden to overcome it). Based on this finding, the probate court denied Ms. Douglass' petition to establish the lost or destroyed will dated August 8, 1981, and concluded that the decedent had died intestate. Consequently, the final order adjudged Allen Frazier to be the decedent's virtually adopted son.
Ms. Douglass filed a timely notice of appeal from the probate court's order. After the notice of appeal was filed, Allen Frazier died. Rosa Frazier has been appointed as the curator of Mr. Frazier's estate, and she has been substituted as the appellee in this case.

II. THE PETITION TO ESTABLISH A LOST OR DESTROYED WILL
A will that was in the possession of the testator before his death and that cannot be located after his death is presumed to have been destroyed by the testator with the intention of revoking it. See Carlton v. Sims (In re Estate of Carlton), 276 So.2d 832, 833 (Fla.1973); Walton v. Estate of Walton, 601 So.2d 1266, 1266 (Fla. 3d DCA 1992). The proponent of the lost or destroyed will bears the burden of overcoming the presumption that the will *1159 was intentionally destroyed. Daul, 754 So.2d at 848. "The first step in overcoming this presumption is" to establish the terms of the will and to offer it for probate. In re Estate of Parker, 382 So.2d 652, 653 (Fla.1980). Section 733.207, Florida Statutes (2005), outlines the procedure for establishing a lost or destroyed will:
Any interested person may establish the full and precise terms of a lost or destroyed will and offer the will for probate. The specific content of the will must be proved by the testimony of two disinterested witnesses, or, if a correct copy is provided, it shall be proved by one disinterested witness.
See also Fla. Prob. R. 5.510 (stating additional requirements for the establishment and probate of a lost or destroyed will).
Our record on appeal does not contain a transcript of the March 24, 2006, evidentiary hearing on Ms. Douglass' petition to establish the lost will. Our record contains only the case progress notes from that hearing. According to the case progress notes, Ms. Douglass presented the probate court with a copy of the alleged lost will and identified it as such. Ms. Douglass, a beneficiary of that will, was not one of the witnesses to the execution of the will. The case progress notes reflect that no other evidence was received by the probate court and that no other witnesses testified. Thus Ms. Douglass failed to present the testimony of at least one disinterested witness to prove the execution and the content of the will as required by section 733.207. Cf. Bury v. DiLegge (In re Estate of Kero), 591 So.2d 675 (Fla. 4th DCA 1992) (holding that a lost will was satisfactorily established where the proponent produced an unsigned carbon copy of the will supported by the testimony of one of the subscribing witnesses, who testified to the execution of the will and that the carbon copy was a correct copy of the will executed by the decedent). In its final order, the probate court denied Ms. Douglass' petition to establish the lost or destroyed will. In the absence of any testimony proving the execution and the content of the alleged lost will, the record supports the trial court's ruling. Accordingly, we affirm the probate court's denial of Ms. Douglass' petition and its determination that the decedent had died intestate.

III. VIRTUAL ADOPTION
In addition to contesting the probate court's denial of her motion to establish a lost or destroyed will, Ms. Douglass challenges the probate court's determination that Allen Frazier had been virtually adopted by the decedent. Ms. Douglass argues that even if the probate court was correct in determining that the decedent had died intestate, the court erred in its earlier findings. Ms. Douglass contends that the February 12, 2006, nonfinal order concluding that Allen Frazier had established four of the five elements required to establish that he had been virtually adopted by the decedent was not supported by the evidence.
A. The Elements of Virtual Adoption
For over sixty years, Florida law has recognized the concept of virtual adoption. In Sheffield v. Barry, 153 Fla. 144, 14 So.2d 417 (1943), our supreme court considered an estate's petition for certiorari review of a trial court order that denied the estate's motion to dismiss an amended complaint. Id. at 418. The complaint had alleged that when the plaintiff was an infant, her natural mother agreed to allow the foster parents to adopt the plaintiff. Id. The foster parents "took the plaintiff into their home" and renamed her, giving her their surname. Id. When the foster father died intestate, the plaintiff learned *1160 for the first time that the adoption had never been legalized. Id. at 418-19. In her complaint, the plaintiff did not ask the probate court to establish the adoption. Id. at 419. Rather, the plaintiff asked the court to "grant her specific performance of the contract made with her mother and fully performed by the mother and her" by giving her rights in the foster father's estate. Id. The estate filed a motion to dismiss the plaintiff's amended complaint, and the probate court denied that motion. Id. at 418. The supreme court denied the estate's petition for certiorari review of the probate court's order. Id. at 420. The supreme court determined that if the plaintiff could prove the allegations in her complaint, she would be entitled to the relief she sought. Id.
Following the reasoning in Sheffield and in other cases, the Fifth District listed the five elements of virtual adoption in its review of a judgment that determined heirs. Poole v. Burnett (In re Heirs of Hodge), 470 So.2d 740, 741 (Fla. 5th DCA 1985). The elements of a virtual adoption include:
1. an agreement between the natural and adoptive parents;
2. performance by the natural parents of the child in giving up custody;
3. performance by the child by living in the home of the adoptive parents;
4. partial performance by the foster parents in taking the child into the home and treating the child as their child; and
5. intestacy of the foster parents.
Id. The Fifth District also recognized the Sheffield court's acknowledgement that in Florida, the purpose of virtual adoption is to provide the child with "an enforceable contractual right." Id.
B. The Standard of Review
To establish that he or she has been virtually adopted, a petitioner must prove the five elements of virtual adoption by clear and convincing evidence. Williams v. Estate of Pender, 738 So.2d 453, 456 (Fla. 1st DCA 1999). When a trial court has determined that its factual findings are supported by clear and convincing evidence, the appellate court will presume that those findings are correct and must review them "in the light most favorable to the prevailing party below." Kingsley v. Kingsley, 623 So.2d 780, 786 (Fla. 5th DCA 1993) (citing Carolina Lumber Co. v. Daniel, 97 So.2d 156, 158 (Fla. 1st DCA 1957)). An appellate court will not overturn a "`trial court's determination that the evidence is clear and convincing . . . unless it may be said as a matter of law that no one could reasonably find such evidence to be clear and convincing.'" C.S. v. Dep't of Health & Rehabilitative Servs. (In re Interest of B.S.), 697 So.2d 914, 917 (Fla. 2d DCA 1997) (quoting In re Interest of C.L., 654 So.2d 1039, 1040 (Fla. 4th DCA 1995)).
C. Analysis
After an evidentiary hearing, the probate court entered its February 12, 2006, order concluding that Allen Frazier had established the first four elements of virtual adoption. On appeal, Ms. Douglass challenges the probate court's findings on two grounds. First, Ms. Douglass contends that Allen Frazier did not establish by clear and convincing evidence the existence of an adoption agreement between his mother and the decedent. Second, Ms. Douglass argues that the probate court erred in finding that Allen Frazier had established the first four elements of virtual adoption when, in fact, the probate court determined that the fourth element had not been established by clear and convincing evidence.
In its February 12, 2006, order, the probate court determined that "elements i, ii, *1161 iii [of virtual adoption] are undoubtedly established by clear and convincing evidence." Ms. Douglass argued at the evidentiary hearing that there was insufficient evidence of an agreement between Allen Frazier's mother and the decedent  the first element of virtual adoption. However, the probate court found that in 1996, when Allen Frazier was sixteen years old, his mother agreed that the decedent would adopt Mr. Frazier and that he lived with the decedent "[f]rom late 1996 onward." Our review of the hearing transcript and of the evidence, together with our deference to the trial court's findings, persuades us that Allen Frazier did establish by clear and convincing evidence the first three elements of his claim to have been virtually adopted by the decedent.
The probate court described the evidence in support of the fourth element of virtual adoption as "more problematic" than the evidence that supported the first three elements. The fourth element of virtual adoption is "partial performance by the foster parents in taking the child into the home and treating the child as their child." Hodge, 470 So.2d at 741. The probate court found that the evidence supported a finding that the decedent "took [Allen Frazier] into his home." However, as the probate court perceptively noted in its order, "The difficulty relates to whether [the decedent] treated [Allen Frazier] as his child, as that element is construed in terms of the case law and as an equitable principle." The probate court recognized that the evidence established that Allen Frazier and the decedent may not have had "a typical father/son relationship." In fact, the probate court rejected Allen Frazier's characterization of his relationship with the decedent as a father/son relationship, finding, "[T]hat characterization [is] against the manifest weight of the evidence." Despite the failure of proof on the fourth element, the probate court foundbased on equitable principlesthat a virtual adoption had occurred. Here, the probate court fell into error.

V. CONCLUSION
Notwithstanding its explicit rejection of Allen Frazier's proof on the fourth element of virtual adoption, the probate court ruled: "There exist elements 1 through 4 of the required 5 elements to establish a virtual adoption between the decedent and [Allen Frazier]." But the probate court's findings establish without question that Allen Frazier did not prove the fourth element of virtual adoption by clear and convincing evidence. Accordingly, we reverse the portion of the probate court's final order concluding that if the decedent died intestate, then Allen Frazier was the virtually adopted son of the decedent. We remand this case to the probate court for further proceedings not inconsistent with this opinion.
Affirmed in part, reversed in part, and remanded for further proceedings.
DAVIS, J., and THREADGILL, EDWARD F., SENIOR JUDGE, Concur.