BERGER, W., Associate Judge.
 

 Edward Brennan and Terrence Brennan appeal the trial court’s final order admitting the lost will of Edward J. Brennan, Jr., the decedent, to probate. We hold that the evidence did not meet the statutory requirement for establishment and proof of the lost will through the testimony of one disinterested witness. Without such testimony, there was no competent, substantial evidence to overcome the presumption that the testator voluntarily destroyed the will with the intent to revoke it. We therefore reverse.
 

 On February 5, 2001, the decedent executed a will leaving his estate to his four children in unequal shares. Thereafter, on May 31, 2002, the decedent executed another will that bequeathed a home he owned in Canada to Ruth Honsberger, a non-relative friend, who had lived in and rented the home from the decedent for twenty-four years. All other assets were left to the decedent’s brother, William, who has since disclaimed any interest or benefit in the estate.
 

 The decedent died on March 3, 2007. The petition for administration sought to admit the 2001 will to probate, and while acknowledging that petitioners were aware of the 2002 will, stated that the original copy of the will could not be located. The decedent’s children believed that the original 2002 will no longer existed.
 

 In March 2008, Ms. Honsberger appeared and filed a declaration that the proceeding was adversary. She filed an objection and an amended objection to probating the 2001 will and a petition to establish lost will. Ms. Honsberger’s position is that the 2002 will was lost or destroyed without the decedent’s knowledge or consent and without his intent to revoke it.
 

 On August 13, 2008, a hearing was held on Ms. Honsberger’s petition. At the hearing, she presented a copy of the lost will, as well as her own testimony. No other witnesses testified in support of the petition to establish the lost 2002 will. The decedent’s brother, William Brennan, and decedent’s sons, Edward Brennan and Terrence Brennan, testified in opposition to the petition. At the conclusion of the hearing, the trial judge indicated that he thought Ms. Honsberger had overcome the presumption, stating, “Edward truly wanted to leave the house to Ruth.” The judge admitted the 2002 will to probate subject to a final determination on whether the copy presented was a correct copy.
 
 [1]
 
 A hearing was to be scheduled at a later date for the purpose of bringing in either one or two witnesses to prove the will. However, no additional hearing took place.
 

 On September 5, 2008, the trial judge entered an order granting the amended petition to establish lost will. In his order, the judge stated, “the original will of the Decedent dated May 31, 2002, has not been found after diligent search and therefore is presumed to be revoked, however, upon the testimony presented to the court, this presumption has been overcome.” The judge ordered that the 2002 will was established as the Last Will and Testament of the decedent, was executed as required by chapter 732 of the Florida Probate Code, and was entitled to be ad
 
 *896
 
 mitted to probate when appropriately proved by an attesting witness.
 

 Appellants filed a motion for rehearing. They argued that the testimony of at least one disinterested witness was required to prove execution and content if the document submitted was a correct copy of the will. Otherwise, the testimony of two disinterested witnesses was required. Appellants also sought review of the weight given Ms. Honsberger’s testimony. Subsequently, the trial court entered an order denying in part and granting in part the motion for rehearing. Following the trial court’s order, Ms. Honsberger filed the affidavits of Cai*ol Kessinger and Sharon Liles. The affidavits stated that the decedent executed the 2002 will in the presence of each witness. The trial court then entered an amended order denying the motion for rehearing. This appeal followed.
 

 It is well-settled under Florida law that when an original will that is known to have existed cannot be located after the death of the decedent, the presumption is that the testator destroyed the will with the intent to revoke it.
 
 In re Estate of Parker,
 
 382 So.2d 652, 653 (Fla.1980). The proponent of the lost will has the burden of introducing competent, substantial evidence to overcome the presumption.
 
 Lonergan v. Estate of Budahazi,
 
 669 So.2d 1062, 1064 (Fla. 5th DCA 1996).
 

 “The first step in overcoming [the presumption of revocation] is by the establishment and admission to probate of the lost or destroyed will pursuant to section 733.207.”
 
 In re Estate of Parker,
 
 382 So.2d at 653. It is undisputed that Ms. Honsberger provided a correct copy of the 2002 will. Section 733.207, Florida Statutes (2007), provides:
 

 Any interested person may establish the full and precise terms of a lost or destroyed will and offer the will to probate. The specific content of the will must be provided by the testimony of two disinterested witnesses, or,
 
 if a correct copy is provided, it shall be proved by one disinterested witness.
 

 (Emphasis added.)
 

 Ms. Honsberger suggests that by presenting a correct copy of the 2002 will, the need for her to present corroborating testimony at the hearing was not necessary. We find that Ms. Honsberger’s interpretation of section 733.207 is incorrect.
 

 In
 
 In re Estate of Parker,
 
 382 So.2d at 654, the supreme court, interpreting an earlier version of section 733.207, discussed the proof required to establish a lost will in the presence and absence of a correct copy of the will, explaining:
 
 “A
 
 draft which is an accurate and correct reflection of the contents of a lost will is not the same as a ‘correct copy.’ To prove the former the statute requires the testimony of two witnesses. To prove the latter,
 
 the testimony of one witness
 
 suffices.” (Emphasis added.)
 

 The Third District took the same position in
 
 In re Estate of Hatten,
 
 880 So.2d 1271, 1275 (Fla. 3d DCA 2004), when it stated: “As explained by the statute, establishment of a will can be accomplished
 
 only if there is the testimony of a disinterested witness plus a copy of the will,
 
 or if there is the testimony of two disinterested witnesses.” (Emphasis added.)
 
 See also In re Estate of Musil,
 
 965 So.2d 1157 (Fla.2d DCA 2007) (niece failed to present testimony of at least one disinterested witness to prove execution and content of will as required to establish lost or destroyed will);
 
 In re Estate of Kero,
 
 591 So.2d 675 (Fla. 4th DCA 1992) (testimony of one subscribing witness to original will’s proper execution proved content of original).
 

 In this case, the only testimony in support of the petition to establish lost will
 
 *897
 
 came from Ms. Honsberger, who had an interest in the outcome of the case. The statute requires the testimony of at least one disinterested witness, which she was not. Although the trial judge indicated, and the parties agreed, that an additional evidentiary hearing would be scheduled so that Ms. Honsberger could present the testimony of a disinterested witness, no such hearing was conducted. Instead, the trial court admitted the lost 2002 will to probate upon the submission of witness affidavits alone. These affidavits merely stated that the witnesses saw the decedent execute the will and that they signed as witnesses immediately thereafter. Appellants did not stipulate to the submission of affidavits in lieu of testimony. Accordingly, we find an evidentiary hearing should have been conducted and that the submission of affidavits was insufficient pursuant to section 733.207 to establish the lost will.
 

 As the proponent of the lost will, Ms. Honsberger was required to present the testimony of at least one disinterested witness to establish its contents. § 733.207. Without a disinterested witness, Ms. Hons-berger could not satisfy the first step in presenting competent, substantial evidence to overcome the presumption. Consequently, the decision of the trial court granting the amended petition to establish lost will is reversed and the cause is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 GRIFFIN and COHEN, JJ., concur.
 

 [1]
 

 . At the hearing on the petition and in the briefs filed with this court, Appellants argued that the copy of the 2002 will provided to the court was not a correct copy, and therefore, pursuant to section 733.207, Florida Statutes, the testimony of two disinterested witnesses was required to establish the will. This argument has since been abandoned.