PER CURIAM.
Edward and Terrence Brennan appeal the trial court’s order admitting a lost or destroyed will to probate. Because the appellee, Ruth Honsberger, failed to meet the statutory burden to prove the specific content of the will through the testimony of a disinterested witness, we reverse.
The facts in this case are largely undisputed and are set forth in Brennan v. Estate of Brennan, 40 So.3d 894, 895 (Fla. 5th DCA 2010):
On February 5, 2001, the decedent executed a will leaving his estate to his four children in unequal shares. Thereafter, on May 31, 2002, the decedent executed another will that bequeathed a home he owned in Canada to Ruth Honsberger, a non-relative friend, who had lived in and rented the home from the decedent for twenty-four years. All other assets were left to the decedent’s brother, William, who has since disclaimed any interest or benefit in the estate.
The decedent died on March 3, 2007. The petition for administration sought to admit the 2001 will to probate, and while acknowledging that petitioners were *416 aware of the 2002 will, stated that the original copy of the will could not be located. The decedent’s children believed that the original 2002 will no longer existed.
In March 2008, Ms. Honsberger appeared and filed a declaration that the proceeding was adversary. She filed an objection and an amended objection to probating the 2001 will and a petition to establish lost will. Ms. Honsberger’s position is that the 2002 will was lost or destroyed without the decedent’s knowledge or consent and without his intent to revoke it.
After holding an evidentiary hearing on August 13, 2008, the trial judge found that the decedent “truly wanted to leave the house to Ruth” and that the 2002 will would be admitted to probate subject to a final determination on whether the copy presented was the correct copy. On September 5, 2008, the trial court entered an order granting Ms. Honsberger’s amended petition to establish lost will. The Bren-nans filed a motion for rehearing arguing that the testimony of at least one disinterested witness was required to prove execution and content if the document that was submitted was a correct copy of the will. The trial court initially granted, in part, the motion for rehearing. However, after Ms. Honsberger submitted the affidavits of Carol Kessinger and Sharon Liles in which they attested to the proper execution of the will by the decedent in their presence, the trial court entered an amended order denying the Brennans’ motion for rehearing.
This court reversed the trial court’s admission of the 2002 will because Ms. Hons-berger had failed to present sufficient evidence to overcome the presumption that the will had been destroyed by the testator with the intent to revoke it.
It is well-settled under Florida law that when an original will that is known to have existed cannot be located after the death of the decedent, the presumption is that the testator destroyed the will with the intent to revoke it. In re Estate of Parker, 382 So.2d 652, 653 (Fla.1980). The proponent of the lost will has the burden of introducing competent, substantial evidence to overcome the presumption. Lonergan v. Estate of Budahazi, 669 So.2d 1062, 1064 (Fla. 5th DCA 1996).
‘The first step in overcoming [the presumption of revocation] is by the establishment and admission to probate of the lost or destroyed will pursuant to section 733.207.’ In re Estate of Parker, 382 So.2d at 653. It is undisputed that Ms. Honsberger provided a correct copy of the 2002 will. Section 733.207, Florida Statutes (2007), provides:
Any interested person may establish the full and precise terms of a lost or destroyed will and offer the will to probate. The specific content of the will must be provided by the testimony of two disinterested witnesses, or, if a correct copy is provided, it shall be proved by one disinterested witness.
Ms. Honsberger suggests that by presenting a correct copy of the 2002 will, the need for her to present corroborating testimony at the hearing was not necessary. We find that Ms. Honsber-ger’s interpretation of section 733.207 is incorrect.
Brennan, 40 So.3d at 896. Because the trial court had indicated at the August 13, 2008 hearing that it would hold an additional evidentiary hearing so that Ms. Honsberger could present the testimony of a disinterested witness, but then failed to afford Ms. Honsberger such opportunity, *417 we remanded the ease for further proceedings. Id. at 896-97.
On remand, the trial court conducted an evidentiary hearing at which Ms. Kessinger and Ms. Liles testified. Although both witnesses testified (consistent with their previously submitted affidavits) as to the execution of the will, neither had knowledge of its content.
In our prior opinion, we stated that as the proponent of a lost will, Ms. Honsber-ger was required to present the testimony of at least one disinterested witness to establish its content. Id. at 897. Because Ms. Honsberger failed to do so, the trial court erred in admitting the 2002 will to probate.
REVERSED.
TORPY, LAWSON and JACOBUS, JJ., concur.