# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-0269
LT Case No. 42-2022-CP-633

_____

KENNETH PILAK, RUSSELL
PILAK, and DEBORAH
RUTHENBURG,

    Appellants,

    v.

TIMOTHY G. REIGEL, AND THE
ESTATE OF RONALD G. SAS,

    Appellees.

_____

On appeal from the Circuit Court for Marion County.
Brad E. King, Judge.

Brice Zoecklein, of Zoecklein Law P.A., Brandon, for Appellants.

Daniel J. Raymer, and Caleb V. Smith, of The Florida Legal
Advocacy Group, P.A., Ocala, for Appellee, Timothy G. Reigel.

No Appearance for Remaining Appellee.


February 6, 2026


HARRIS, J.

Ronald G. Sas died on June 7, 2015, in Ocala, Florida. In February 2016, an individual named Gary Fores signed a petition titled Petition for Establishment [of] Probate of Lost or Destroyed Will and Appointment of Personal Representative (the "2016 petition"). This petition asserted that on May 10, 2002, the decedent executed his last will and on September 26, 2005 and December 18, 2006, he executed codicils to that will. According to the petition, the original will and codicils were lost or destroyed without the knowledge or consent of the decedent. Attached to the petition were photocopies of the will and codicils. The beneficiaries under the will and codicils were Timothy Reigel (decedent's long-term domestic partner and Appellee herein), decedent's friend Bruce Weaver, and Arlene Pilak (decedent's predeceased sister and the mother of Kenneth Pilak, Russell Pilak and Deborah Ruthenburg, Appellants herein).

Appellee, Weaver, Appellants, and Robert Pilak (surviving spouse of Arlene Pilak) each signed a "Consent and Waiver of Notice" in 2016, which acknowledged receipt of a copy of the 2016 petition, waived hearing and notice of hearing thereon, and consented to the entry of an order granting the relief requested in the petition without notice or hearing. The 2016 petition was never filed in court.

On March 21, 2022, Kenneth Pilak filed a petition for formal intestate administration, alleging the decedent had no surviving spouse or children. The petition acknowledged the existence of a document purporting to be a copy of the decedent's will, but alleged that no original will could be located. Russell Pilak and Deborah Ruthenburg filed waivers of priority and consented to the appointment of Kenneth as the personal representative of the estate.

On September 9, 2022, Appellee filed an answer to the 2022 petition for intestate administration, alleging that Appellants had previously signed consents and waivers consenting to the 2016 petition that was never filed. Appellee also asserted that the administration of the estate did not proceed on the 2016 petition because Gary Fores changed his mind about serving as personal representative and Appellee is unable to serve because he is not a resident of Florida nor a relative of the decedent.

2

Appellants subsequently filed notices of withdrawal of their 2016 consents and waivers, and on December 26, 2024, Appellee filed his Petition to Establish Lost Will, First Codicil to Will, and Second Codicil to Will. Like the unfiled petition in 2016, the petition alleged that the original will and codicils were lost or destroyed without the knowledge or consent of the decedent and without any intent on the part of the decedent to revoke the instruments. The petition attached a copy of the will and codicils. Kenneth filed his response to the 2024 petition, arguing there was a rebuttable presumption that the decedent destroyed the original will with the intention of revoking it, and that Appellee presented no evidence to support the assertion that the will and codicils were not revoked by the decedent.

On January 17, 2025, an evidentiary hearing was held. Appellee called Weaver to testify, who indicated that he and the decedent never discussed the decedent's estate plans, but that he presumed the decedent would want Appellee to have the house. Weaver also "had the feeling" that the decedent did not have much regard for his niece and nephews. The decedent never told Weaver he intended to destroy his will, nor did he mention making any changes to the will. Weaver acknowledged he was named as a beneficiary, which he learned after the decedent's death, but he did not know what exactly he was beneficiary of. Weaver further admitted he did not witness execution of the will or codicils and had no knowledge regarding the contents of the documents. No other witnesses were called.

Appellee acknowledged Weaver did not know anything about the contents of the will but nevertheless argued that the consent and waivers signed in 2016 barred Appellants' case. The trial court agreed, and on January 26, 2025, it entered an order granting Appellee's petition to establish lost will and codicils. The court based its ruling on *In re Washington's Estate*, 56 So. 2d 545, 547 (Fla. 1952), which held that where a will that cannot be located after the testator's death "is shown to have been in his possession when last seen, then the presumption is, in the absence of other evidence, that he destroyed it." However, the court explained that the presumption that the will was revoked does not apply in this

3

case because there was no evidence that the original will was ever in the possession of the decedent at any time.

The court further concluded that the will had not been established pursuant to section 733.207, Florida Statutes (2024), because there was no witness to the contents of the will and the copy was not proved by a disinterested witness. However, the court found that the consents and waivers signed by Appellants binds them and authorized the court to enter an order granting the relief requested by Appellee. Accordingly, the court admitted the lost will and codicils to probate, and this appeal followed.

On appeal, Appellants first argue that the court erred in admitting the copy of the lost will and codicils because it failed to apply the presumption of revocation where the original will was known to exist but could not be found after the testator's death. They further argue the trial court incorrectly required Appellants to prove the original will was in the possession of the decedent prior to his death before the presumption could apply. Finally, Appellants argue the trial court erred by admitting the will and codicils without the evidence required by section 733.207. We agree on all three counts.

"It is well-settled under Florida law that when an original will that is known to have existed cannot be located after the death of the decedent, the presumption is that the testator destroyed the will with the intent to revoke it." *Brennan v. Honsberger*, 101 So. 3d 415, 416 (Fla. 5th DCA 2012); *see also In re Est. of Hatten*, 880 So. 2d 1271, 1274 (Fla. 3d DCA 2004) ("When a decedent who has made a will dies, and the will cannot be found among the decedents personal papers (or other logical locations such as safety deposit box or family lawyer), a presumption arises that the decedent [himself] destroyed the will, intending to revoke it."); *In re Parker's Est.*, 382 So. 2d 652, 653 (Fla. 1980). To avoid a finding of revocation, proponents of the lost will bear the burden of presenting competent substantial evidence that justify a finding that the will had not been revoked. *See Brennan*, 101 So. 3d at 416. The first step in overcoming the presumption is establishing the terms of the will and to offer it for probate pursuant to section 733.207. *See id.*; *In re Est. of Musil*, 965 So. 2d 1157, 1159 (Fla. 2d DCA 2007).

Some cases have specified that "*evidence that a testator's will was in his possession prior to death* and cannot be located subsequent to death gives rise to a rebuttable presumption that the testator destroyed the will with the intention of revoking it." *Balboni v. LaRocque*, 991 So. 2d 993, 994 (Fla. 4th DCA 2008) (emphasis added); *see also Musil*, 965 So. 2d at 1158. Here, there was no evidence that the decedent was in possession of his will before his death. In this case we find this factor to be irrelevant. Even if the presumption of revocation did not arise because there was no evidence the decedent was in possession of the will prior to his death, a proponent of a lost will still must comply with the statutory requirements of section 733.207.

Section 733.207 provides:

> Any interested person may establish the full and precise terms of a lost or destroyed will and offer the will for probate. The specific content of the will *must* be proved by the testimony of two disinterested witnesses, or, if a correct copy is provided, it shall be proved by one disinterested witness.

§ 733.207, Fla. Stat. (2024) (emphasis added). A "correct copy" means an identical copy such as a carbon or photostatic copy. *See In re Est. of Kero*, 591 So. 2d 675, 677 (Fla. 4th DCA 1992); *Parker's Est.*, 382 So. 2d at 654. A "disinterested witness" refers to a person "who has no private interest in the matter at issue," or "no stake in the outcome of the matter in which he or she offers evidence." *Smith v. DeParry*, 86 So. 3d 1228, 1235 (Fla. 2d DCA 2012).

The only person to testify at the hearing was Weaver, who was a beneficiary in the second codicil. Although Appellee argued below that Weaver was a disinterested witness because there existed no assets named in the second codicil, Weaver explained he did not know that until that point; he was aware he was a beneficiary of something but was not sure of what he was a beneficiary. Even if he had no stake in the outcome, he knew nothing of the contents of the will and never discussed such contents with the decedent, nor was he a witness to the execution of the will or codicils. *See Brennan*, 101 So. 3d at 417 (holding

5

proponent of will failed to meet requirements of section 733.207 where she presented correct copy of lost will and testimony of two witnesses as to its execution, but neither witness had knowledge of contents of will). Accordingly, Weaver's testimony was insufficient to prove the contents of the lost will under the statute.

The trial court instead relied on the 2016 consents and waivers in finding that Appellee proved the contents of the lost will under the statute. This was error. First, the consent and waivers to the 2016 petition were never filed in or accepted by a court, nor was the 2016 petition filed in court. The consents and waivers also did not waive the parties' right to challenge the will or the proponent's requirement to prove the will, and they were withdrawn prior to Appellee formally filing his 2024 petition to establish the lost will. *See, e.g.*, *In re Ballett's Est.*, 426 So. 2d 1196, 1199 (Fla. 4th DCA 1983) (finding that a stipulation that a will be admitted to probate did not constitute a waiver where brother did not intend to waive any objections to will he might later determine were valid).

Moreover, the consents and waivers did not provide any testimony about the specific contents of the will. *See Brennan*, 101 So. 3d at 417; *see also Brennan v. Est. of Brennan*, 40 So. 3d 894, 897 (Fla. 5th DCA 2010) (finding trial court could not admit lost will upon submission of witness affidavits alone, which merely stated witnesses saw decedent execute will and they signed as witnesses immediately thereafter). Appellants were also not disinterested witnesses, as they have an interest in the outcome of the proceeding to establish the lost will. *See DeParry*, 86 So. 3d at 1236.

Based on the foregoing, we reverse the order admitting the lost will and codicils into probate and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

WALLIS, and EDWARDS, JJ., concur.

6

―――――――――――――――――――――――

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

―――――――――――――――――――――――