453 So.2d 886 (1984)
Onelia Padron LOWY, Appellant,
v.
Carol ROBERTS and Betty Kessler, Personal Representative of the Estate of Robert E. Lowy, Deceased, Appellees.
No. 84-359.
District Court of Appeal of Florida, Third District.
August 7, 1984.
*887 Albert P. Rosillo, Miami, for appellant.
Sage, Grady, Todd & Sims and Stephen A. Lynch III and Stephen M. Cody, Alan S. Chotiner, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
Robert E. Lowy died on March 8, 1982. On March 24 of that year, a six page document purporting to be his will, executed on January 27, 1982, was admitted to probate by the Dade County Circuit Court. More than a year after notice of administration had been served upon her under Sec. 733.212(1), Fla. Stat. (1981), the decedent's widow, Onelia Lowy, commenced proceedings which sought to demonstrate that the first four pages of the probated document  excluding the final ones bearing the testator's and the witnesses' signatures  were not contained in the will actually executed by Mr. Lowy. Her amended petition, the sufficiency of which is now before us, alleged:
4. On January 27, 1982, the Decedent did execute, publish and declare a written document as his Last Will and Testament before STEVEN M. ROBEY and DEBORA K. OBERLIN, as attesting witnesses, when the Decedent was at least 18 years of age.
5. The Will of the Decedent executed on January 27, 1982, was subsequently changed and/or altered, improperly and without the required formalities, to show a change on paragraph Five (5) of the original Will. In order to procure the change on paragraph Five (5) of said Will, the first four pages were altered, and were subsequently restapled together with the remaining last two pages bearing the signatures of the Decedent and the attesting witnesses. The conformed copy attached shows, unequivocally, that the Testator had signed all six (6) pages of the Will, and not just the last two pages. (Attached hereto is conformed copy of the original Will dated, signed and attested on January 27, 1982).
6. The purported Will, which was admitted to Probate in this Court on March 24, 1982, is not the true Will of the Decedent. The purported Will contains pages and provisions which have been changed, altered and/or substituted improperly and without the required formalities, the effect of which was to change the true Will and intent of the Testator, specifically Testator's intent contained in paragraph Five of the Will.
7. The purported Will which has been admitted to Probate, along with the conformed copy attached hereto, together show that the first four pages were redone to change paragraph Five,[1] while at the same time making the substituted pages consistently without conformed signatures or initials on the changed pages to make it appear unaltered.

*888 8. Attached to and made a part of this Petition is an exact conformed copy of the unaltered or unchanged Will. Petitioner believes that this Will is the true Will of the Decedent.
On motions of the personal representative and the other beneficiary under the will,[2] the trial court dismissed the amended petition with prejudice. We reverse.
It is clear that the face of the petition adequately states a claim upon which the relief sought may be granted. There is no question that no post-execution change in or to a will, whether accomplished without adherence to the statutory testamentary prerequisites by the testator himself, Trotter v. Van Pelt, 144 Fla. 517, 198 So. 215 (1940); In re Shifflet's Estate, 170 So.2d 96 (Fla. 3d DCA 1965); In re Estate of Bancker, 232 So.2d 431 (Fla. 4th DCA 1970), which is called an "alteration," or  as it is strongly implied occurred in the present instance  by an unauthorized third person, e.g., In re Deane's Estate, 153 So.2d 26 (Fla. 3d DCA 1963), which is referred to as "spoliation," 2 Page on Wills § 22.5 (new rev. ed. 1960), has any legal effect whatever upon the will itself which must be probated as if it had not taken place. 79 Am.Jur.2d Wills § 562 (1975); 2 Page on Wills §§ 22.1-22.7 (new rev. ed. 1960); see cases collected Annot., Interlineations and Changes Appearing on Face of Will, 34 A.L.R.2d 619 (1977).
In In re Deane's Estate, we applied these principles to a situation very similar to this one by affirming a determination that a spoliation had taken place in
that pages one and three of the will admitted to probate were original pages of the testator's will, but that page two was substituted for the original page two by the appellant after the death of the testator.
153 So.2d at 28. It was held that the county judges' court correctly enforced the "actual will" by replacing the spurious with the original "reconstructed" page two as a portion of the document actually executed. This conclusion is in accordance with the universal rule that, in a case of alteration or spoliation, the court must, to the extent possible through the reception of relevant and competent evidence, determine and enforce the contents of the true, unaltered will. 3 Page on Wills §§ 29.164-29.166 (new rev. ed. 1960). See also, In re Smith's Will, 161 Misc. 194, 291 N.Y.S. 878, 883 (Surr. Westchester Co., 1936) ("Having proof that the first sheet of the paper writing was not in existence or made on August 5, 1918, it becomes the duty of the court to remove it from its present fastening to the original second page by pasting and to re-annex the original first sheet to the second or executed sheet, and thus complete in original form the paper executed by the decedent.")
Thus, the amended petition both adequately alleged that Lowy's will had been altered or spoliated and sought the appropriate relief  that is, the enforcement of the fifth paragraph of that will through the replacement of the original for the altered pages of the instrument  to which she is entitled if the allegations are established at trial.[3]
The appellees claim that the order of dismissal should be upheld on the ground of Ms. Lowy's alleged non-compliance with the requirements imposed by *889 Sec. 733.207, Fla. Stat. (1981) for the "establishment and probate of a lost or destroyed will."[4] We do not reach the merits of this contention[5] because, in our view, the statute is totally inapplicable to the present case. The present action is not one to establish a "lost or destroyed" will  which necessarily implies an instrument different from the one already admitted to probate. Instead, the petitioner's position presupposes that the January 27, 1982 probated-will is indeed the will of the testator.[6] She seeks only to establish, not another one which was lost or destroyed, but rather what the true contents of that instrument were when it was executed by Mr. Lowy. The two types of proceedings are both conceptually and practically completely dissimilar. In re Deane's Estate, supra; see and compare 79 Am.Jur.2d Wills §§ 556-562 (1975) (alteration of will) with 80 Am.Jur.2d Wills §§ 1071-1091 (1975) (lost or destroyed will).
For much the same reason, we likewise disagree with the contention that this action is barred by Sec. 733.212(1)(b), Fla. Stat. (1981), which requires the filing within *890 3 months of publication of an objection "that challenges the validity of the will." [e.s.] An alteration or spoliation specifically does "not affect the validity of the will as originally executed." [e.s.] Guerin v. Huat, 118 S.C. 32, 110 S.E. 71, 74 (1921); Annot., supra § 16. And, as we have seen, the present action does not question the validity, but only the true contents of the executed and probated will.
In sum, the present petition for the reconstruction of the will is much more closely akin, if not indeed theoretically identical, to the familiar proceeding for the construction of a will, Hulsh v. Hulsh, 431 So.2d 658 (Fla. 3d DCA 1983), pet. for rev. denied, 440 So.2d 352 (Fla. 1983)  as opposed to proceedings for revocation, see Sec. 733.109, Fla. Stat. (1981), or to establish either a lost or destroyed will or the invalidity of the probated document. In any event, no statutory or rule provision precludes its maintenance when, as here, it is brought prior to the closing of the estate. Cf., In re Estate of Killinger, 448 So.2d 1187 (Fla. 2d DCA 1984).
For these reasons, the order under review is reversed and the cause remanded for trial.
Reversed and remanded.
NOTES
[1] The two documents were identical with the exception of "Paragraph Fifth." The probated will provided:

FIFTH: I hereby give, devise and bequeath unto my wife, ONELIA PADRON LOWY, all of my furniture and personal property and belongings within my residence located at 1420 South Bayshore Drive, Miami, Florida to be hers absolutely.
The equivalent paragraph of the conformed copy, which had apparently been provided to the decedent by the attorney who prepared it and supervised its execution (and who was the designated personal representative), stated,
FIFTH: I hereby give, devise and bequeath unto my wife, ONELIA PADRON LOWY, all of my furniture and personal property and belongings, to be hers absolutely.
Since the residue was in each instance divided 60-40 between the widow and a niece, Carol Roberts, the effect of the alleged substitution of the "new" paragraph fifth decreasing the scope of the specific bequest to Mrs. Lowy was to increase the residue and thus the share of Ms. Roberts, who is the real party-appellee in interest here.
[2] Ibid.
[3] While we express no opinion as to what the evidence may show, see 3 Page on Wills §§ 29.161-29.166 (new rev. ed. 1960); Annot., supra §§ 8-14, and there is no question that only the facial sufficiency of the amended petition is or was properly in issue, Assemblies of God v. Garrido, 452 So.2d 1125 (Fla. 3d DCA 1984), the appellant filed below, and the parties have extensively referred to here, a report from an expert questioned documents examiner, which, after analysis of the wills, expressed the conclusions that

The original signature and witness pages of the original Will were stapled together twice as one unit and hole punched once prior to the first four pages being affixed after which all were treated as one document. The first four pages of the original Will do not conform to the photocopy of Exhibit B-1 in that no signature line is present at the bottom of each page and paragraph five on page two contains the additional line "within my residence located at 1420 South Bayshore Drive, Miami, Florida,".
Based upon the differences noted between the conformed copy of the Will, Exhibit B-1, and the original Will, Exhibit A-1, and the presence of additional staple holes and hole punches in the last two pages of the original Will it is the opinion of this examiner that the first four pages of the original Will were retyped and substituted for the original first four pages.
It need hardly be said that the weight and effect of this expert opinion is initially for the finder of fact. We comment only that the expert's statement that
[p]ages 5 and 6 of the conformed copy were produced by photocopying pages 5 and 6 of the original Will in probate prior to signing or dating
does not, as the appellees contended at oral argument, establish as a matter of law that the "conformed copy" was simply a draft rather than a copy of the actual will. Obviously the "copy" could well have been made while blank and then conformed with typing after the testator and the witnesses had signed the original.
[4] 733.207 Establishment and probate of lost or destroyed will.

(1) The establishment and probate of a lost or destroyed will shall be in one proceeding. The court shall recite, and thereby establish and preserve, the full and precise terms and provisions of the will in the order admitting it to probate.
(2) The petition for probate of a lost or destroyed will shall contain a copy of the will or its substance. The testimony of each witness must be reduced to writing and filed and shall be evidence in any contest of the will if the witness had died or moved from the state.
(3) No lost or destroyed will shall be admitted to probate unless formal notice has been given to those who, but for the will, would be entitled to the property thereby devised. The content of the will must be clearly and distinctly proved by the testimony of two disinterested witnesses, or, if a correct copy is provided, it shall be proved by one disinterested witness.
[5] Thus, we do not decide whether the conformed copy of the will attached to the widow's petition is a "correct copy" under § 733.207(3), see In re Estate of Parker, 382 So.2d 652 (Fla. 1980); Stewart v. Johnson, 142 Fla. 425, 194 So. 869 (1940) ("correct copy" need not contain copies of signatures of testator or subscribing witnesses); In re Estate of Maynard, 253 So.2d 923 (Fla. 2d DCA 1971) (same) or if, assuming that it is, the expert document examiner qualifies as the "one disinterested witness" required to prove it. See In re Estate of Maynard, supra.
[6] Thus, the widow specifically adopts pages five and six of the probated document which contains the signatures of the testator and the witnesses respectively. In contending that this action is "really" one to establish a different or lost will, however, the appellees rely on the fact that the typed-in signatures and addresses in the conformed copy differ somewhat in order and form from those which were written and signed in the "original" pages five and six.

While again, see n. 3, the weight of this argument is initially for the trier of fact, we note that the fact that a stenographer may, in "conforming" the document, have retyped the witnesses' names and addresses in an immaterially different manner from the way they were placed on the instrument itself surely does not conclusively establish that two different instruments  or an original and a "draft"  were involved. See Stewart v. Johnson, supra; In re Estate of Maynard, supra.