DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ALFREDO TENDLER,**
Appellant,

v.

**KENNETH N. JOHNSON** and **BRIAN M. MOSKOWITZ,**
as Personal Representatives of the Estate of **RICHARD TENDLER**,
Appellees.

No. 4D20-1341

[December 22, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 502019CP000099.

James R. George and Jenna M. Bottey of Greenberg Traurig, P.A. Fort Lauderdale, for appellant.

Robert J. Hauser of Pankauski Hauser Lazarus PLLC, West Palm Beach for appellees.

GROSS, J.

Alfredo Tendler appeals a final summary judgment holding that he was "time-barred from now challenging the validity" of a will. We reverse because Tendler's pleading in the case was not a challenge to the validity of the will. Tendler accepted the will as valid and entitled to probate. Rather, Tendler focused on the propriety of a disposition of assets of a trust by a provision in the will, so his objection fell outside of the scope of the three-month limitation period provided in section 733.212(3), Florida Statutes (2018).

### *Facts*

Tendler and the decedent, Richard Tendler (the "Decedent") were brothers. In 1992, the Tendlers' grandfather created a trust to benefit his family. The Rison Trust derived from that original trust. The Decedent was the primary beneficiary of the Rison Trust, and the Tendlers' mother was the secondary beneficiary.

The Rison Trust provides that, upon the Decedent's death, the trustee shall hold the remaining assets in trust for the benefit of Tendler, as the living child of the secondary beneficiary, unless the Decedent effectively exercised a limited power of appointment he had over such assets pursuant to section 5.1 of the Rison Trust.

Section 5.1 of the Rison Trust states:

> **Limited Power of Appointment**. Upon the death of the [Decedent], the Trustee shall distribute the Trust Fund, outright or in further Trust, to or for the benefit of such person or persons, other than the [Decedent], the [Decedent's] creditors, the [Decedent's] estate, or the creditors of the [Decedent's] estate (including the giving to any such person or persons of a general or limited power of appointment if any principal is continued in further trust) as the [Decedent] shall appoint, by written instrument specifically referring to this power, delivered to the Trustee during the [Decedent's] lifetime (which appointment shall be revocable prior to the death of the [Decedent]), or by specific reference in a Will of the [Decedent].

As Tendler points out in his initial brief, section 5.1 "granted [the] Decedent a limited power of appointment over the Rison Trust's assets which could be exercised in favor of anyone *except* [the] Decedent, [the] Decedent's creditors, [the] Decedent's estate, or creditors of [the] Decedent's estate."

The Decedent passed away on December 15, 2018. He was not married and had no descendants. About a month before his death, the Decedent executed a will and a revocable trust (the "Tendler Trust"). Article 4 of his will attempts to exercise the limited power of appointment in section 5.1 of the Rison Trust:

> Pursuant to Section 5.1 of the Rison Trust . . . I have been granted a power of appointment over the Trust Fund. I hereby exercise this power of appointment and direct that all assets subject to this power of appointment be distributed to the then serving trustee of my Revocable Trust for the purpose of using to satisfy the specific gifts set forth in Section 5.2 of my Revocable Trust and thereafter distributing as part of the Residuary Trust Estate as set forth in Section 5.3 of my Revocable Trust.

2

Section 5.2(a) of the Tendler Trust listed monetary gifts to 18 individuals and three exempt organizations. Section 5.3 of the Tendler Trust, titled "Residuary Distribution," states:

> The Trustee shall distribute the Residuary Trust Estate (and any assets directed by exercise of a power of appointment in my Will to be distributed as provided in this Section 5.3) to the JEWISH FEDERATION OF PALM BEACH COUNTY, INC., West Palm Beach, Florida (the "Jewish Federation") . . . . I request that the funds be used to support the research on head and neck cancer being performed by DR. CHRISTINE H. CHUNG, who is currently with the H. LEE MOFFITT CANCER CENTER RESEARCH INSTITUTE, Tampa, Florida.

The Decedent exercised the Rison Trust's limited power of appointment to appoint the Rison Trust assets to the Tendler Trust in satisfaction of certain specific gifts and then to the Residuary Trust Estate of the Tendler Trust.

### The Proceedings in the Circuit Court

The Decedent's will was admitted to probate on January 15, 2019. Two personal representatives ("the PRs") were appointed.

On January 28, 2019, Tendler was served with a Notice of Administration informing any interested person that any objections to the validity of the will, the venue, or the jurisdiction of the court would be time-barred if not filed within three months. Tendler filed no such objections within the three-month limitation period.

### PRs' Petition for Instruction

On October 3, 2019, the PRs filed a Petition for Instruction. The instruction was needed because the trustee of the Rison Trust had refused the PRs' request to transfer all the assets from the Rison Trust to the Tendler Trust. The Rison trustee questioned the validity of the Decedent's exercise of the special power of appointment in article 4 of the will. Tendler was served with a formal notice of the filing of the Petition for Instruction that required him to serve written defenses with the PRs' counsel within 20 days.

In response to this formal notice, Tendler filed an Answer and then an Amended Answer and Affirmative Defenses to the Petition for Instruction. Therein, Tendler asserted that the Decedent's exercise of the limited power

3

of appointment in article 4 of the will was not effective because it attempted to appoint the assets in a way that those assets could be used to pay the creditors of the Decedent's estate, contrary to section 5.1 of the Rison Trust.

In a Reply to Tendler's pleading, the PRs argued, among other things, that Tendler's claim was untimely because it was not filed within three months of receipt of the Notice of Administration.

### *The Competing Motions for Summary Judgment*

The PRs moved for summary judgment on the timeliness of Tendler's pleading, relying on section 733.212(3), Florida Statutes (2018).

Tendler moved for final summary judgment in his favor. He argued that the Decedent attempted to exercise his power of appointment by appointing the Rison Trust assets to first satisfy certain gifts and then to the residuary trust estate of the Tendler Trust. However, according to the terms of the Decedent's will, "the obligations, expenses, and taxes owed by [the] Decedent's estate are to be paid in accordance with the terms of [the] Decedent's [Tendler] Trust," and "[the] Decedent's [Tendler] Trust provides that such obligations, expenses, and taxes are to be paid from the Residuary Trust Estate of the [Tendler] Trust." Therefore, "the Residuary Trust Estate of the [Tendler] Trust (where [the] Decedent attempted to appoint the Rison Trust assets) could be used to satisfy the creditors of the Decedent's estate."

The trial court granted the PRs' motion for summary judgment.[1] The court reasoned that any objection "challenging the validity of [the] Decedent's Will in part or in whole was required to be filed no later than April 29, 2019." The court ruled that Tendler first challenged the validity of the will on October 30, 2019, when he filed his Answer and Affirmative Defenses to the Petition for Instruction, so his challenge was time-barred by section 733.212(3).

### *Tendler's Challenge to the Decedent's Attempted Exercise of the Limited Power of Appointment Was Not a Challenge to the Validity of the Decedent's Will Within the Meaning of Section 733.212(3), Florida Statutes (2018)*

---

[1] Tendler's motion for final summary judgment was still pending when the trial court ruled in favor of the PRs' motion for summary judgment.

We conclude that Tendler's Amended Answer and Affirmative Defenses was not a challenge to the validity of the will within the meaning of section 733.212(3). Rather, it challenged the effectiveness of the will's disposition of the assets of the Rison Trust, an issue raised in the first instance by the PRs' Petition for Instruction.

Florida requires strict compliance with its statutory provisions in the execution of wills. *See* § 732.502, Florida Statutes (2018). The "will must be in writing," "[t]he testator must sign the will at the end," the testator must sign "in the presence of at least two attesting witnesses," and the "witnesses must sign the will in the presence of the testator and in the presence of each other." § 732.502, Fla. Stat. (2018).

The probate of a will signifies that a will was properly executed and witnessed, and that the testator had testamentary capacity when executing the will. § 733.103(2), Fla. Stat. (2018) ("[T]he probate of a will in Florida shall be conclusive of its due execution; that it was executed by a competent testator, free of fraud, duress, mistake, and undue influence; and that the will was unrevoked on the testator's death.").

The use of the word "validity" in chapter 733 pertains to the compliance with the technical requirements of execution—signatures and witnesses—and to the testamentary capacity of the testator—the required factors for a will to be probated.

Section 733.107, Florida Statutes (2018), provides that "[i]n [a] proceeding[] contesting the **validity** of a will, the burden shall be upon the proponent of the will **to establish prima facie its formal execution and attestation**." § 733.107(1), Fla. Stat. (2018) (emphasis added). "Thereafter, the contestant shall have the burden of establishing the **grounds on which the probate of the will is opposed** or **revocation is sought**." *Id.* (emphasis added).

Consistent with section 733.107, section 733.212(3), Florida Statutes (2018), provides that

> [a]ny interested person on whom a copy of the notice of administration is served must object to the **validity of the will**, the venue, or the jurisdiction of the court by filing a petition or other pleading requesting relief in accordance with the Florida Probate Rules on or before the date that is 3 months after the date of service of a copy of the notice of administration on the objecting person, or those objections are forever barred.

(emphasis added). Section 733.212(3)'s use of the term "validity of the will" relates back to the use of the same term in section 733.107, so it pertains to the admission of a will to probate or a revocation of probate. Here, Tendler challenges not the validity of the will but the effectiveness of the Decedent's attempted exercise of the Rison Trust's limited power of appointment in article 4 of the will. Tendler's challenge is outside of the three specific issues covered by section 733.212(3). That statute speaks of the "validity of the will," not of the "validity of the will or a part thereof."

Essentially, Tendler and the PRs both sought to have the circuit court construe a provision of the will. A petition to construe a will is premature before the will has been admitted to probate. § 733.213, Fla. Stat. (2018) ("A will may not be construed until it has been admitted to probate."); *In re Est. of Dahl*, 125 So. 2d 332, 335 (Fla. 2d DCA 1960) (explaining that "[n]o petition or complaint for construction may be maintained in any court until the will has first been probated"); *Cody v. Cody*, 127 So. 3d 753, 756 (Fla. 1st DCA 2013) (holding that the order construing a will to determine beneficiaries was premature as "the probate court has not actually admitted the will to probate"); *First Nat'l Bank of Miami v. Risolia*, 200 So. 2d 260, 260 (Fla. 3d DCA 1967) (finding that "[t]he circuit court has jurisdiction to construe the provisions of a will so long as the will has first been probated and the circuit court was the court first obtaining jurisdiction for construction").

*Lowy v. Roberts,* 453 So. 2d 886 (Fla. 3d DCA 1984), supports Tendler's proposition that an action seeking construction of a will provision is not a challenge to the validity of a will and is therefore not time-barred by section 733.212(3).

In *Lowy,* a widow "commenced proceedings which sought to demonstrate that the first four pages of the probated document . . . were not contained in the will actually executed by [the testator husband]." *Id.* at 887. The petition was filed more than one year after her husband's purported six-page will was admitted to probate. *Id.* The Third District reversed the dismissal of the petition, reasoning that "the petition for the reconstruction of the will" was not time-barred by section 733.212 because the widow's petition "presupposes that the . . . probated-will is indeed the will of the testator." *Id.* at 889 (emphasis removed). The widow "d[id] not question the validity, but only the true contents of the executed and probated will." *Id.* at 890. The court observed that the petition in *Lowy* was "more closely akin . . . to the familiar proceeding for the construction of a will—as opposed to proceedings for revocation." *Id.* at 889–90 (emphasis removed; citation omitted).

6

Tendler's objection to the effectiveness of the Decedent's attempted exercise of the Rison Trust's power of appointment requires the court to construe article 4 of the will as well as provisions of the Rison Trust and the Tendler Trust. This was not a challenge to the "validity of the will" within the meaning of section 733.212(3), so the circuit court erred in dismissing Tendler's response to the PRs' petition as time-barred.

Finally, this case concerns the obligation of the Rison trustee in light of the will's exercise of the limited power of appointment contained in the Rison Trust. The procedural path of this case supports the notion that Tendler's claim should not have been dismissed. The PRs brought the Trust/will conundrum before the probate judge with notice to Tendler. It is as if the PRs filed within the probate case a declaratory judgment action with regard to the Rison Trust assets. As pointed out in oral argument, the obligations of the Rison trustee might well have been litigated in Maryland, the situs of the trust, or otherwise outside of probate. Once the PRs injected the issue into the Florida probate proceeding, with notice to Tendler, the principle of fundamental fairness favors Tendler's ability to have a voice in the court's resolution of the issues.

We reverse and remand for further proceedings. Nothing in this opinion should be read as a comment on the merits of the case.

*Reversed and remanded for further proceedings.*

DAMOORGIAN and CIKLIN, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***

7